Exhibit A

**General Civil and Domestic Relations Case Filing Information Form**

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

APR 26, 2023 09:12 AM

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

☑ Superior or ☐ State Court of __Fulton__ County

| For Clerk Use Only | |
|---|---|
| Date Filed __04-26-2023__ <br> **MM-DD-YYYY** | Case Number __2023CV379367__ |

**Plaintiff(s)**

Waller, Shannon, Jr. Mr.

Last          First          Middle I.          Suffix          Prefix

Last          First          Middle I.          Suffix          Prefix

Last          First          Middle I.          Suffix          Prefix

Last          First          Middle I.          Suffix          Prefix

**Defendant(s)**

Board of Regents of the University System of G

Last          First          Middle I.          Suffix          Prefix

Houston Healthcare System, Inc.

Last          First          Middle I.          Suffix          Prefix

Houston Hospitals, Inc.

Last          First          Middle I.          Suffix          Prefix

Miller, Teri Ms.

Last          First          Middle I.          Suffix          Prefix

**Plaintiff's Attorney** __Maestas, Holly__      **Bar Number** __153092__      **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
          **Case Number**                              **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____   **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

APR 26, 2023 09:12 AM

Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
**SUMMONS**

| | |
|---|---|
| Waller, Shannon, Jr. Mr. | Case |
| | No.: 2023CV379367 |
| | |
| **Plaintiff,** | |
| **vs.** | |
| Board of Regents of the University System of Georgia, DBA Board of Regents, University System of Georgia, USG | |
| Houston Healthcare System, Inc., DBA Houston Healthcare, Houston Hospitals, HMC | |
| Houston Hospitals, Inc., DBA Houston Healthcare, HMC | |
| Miller, Teri Ms. | |
| Brown, Jasmine | |
| Cordew, Shanoya Ms. | |
| Spears, Marina Ms. | |
| Hall, Victor Mr. | |
| Middlebrooks, Morgan Ms. | |
| Blake, Christopher Dr. | |
| Morales, Rodrigo Dr. | |
| Wann, Tony Mr. | |

Salley, Nanyamka Ms.     )
    )
    )
    )
Rogers, Cynthia Ms.     )
    )
    )
Byrne, Patricia Ms.     )
    )
    )
McGraw, Christopher Mr.     )
**Defendant**     )
    )

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Holly Maestas**
> **Lawson & Beck, LLC**
> **1125 Commerce Drive, Suite 300**
> **Peachtree City, Georgia 30269**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____ 26th day of _____ April, 20 23

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

_____
Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

APR 26, 2023 09:12 AM

Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

**SUMMONS**

| | | |
|---|---|---|
| Waller, Shannon, Jr. Mr. | ) | Case |
| | ) | No.: 2023CV379367 |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| Board of Regents of the University System of Georgia, DBA Board of Regents, University System of Georgia, USG | ) | |
| | ) | |
| Houston Healthcare System, Inc., DBA Houston Healthcare, Houston Hospitals, HMC | ) | |
| | ) | |
| Houston Hospitals, Inc., DBA Houston Healthcare, HMC | ) | |
| | ) | |
| Miller, Teri Ms. | ) | |
| | ) | |
| Brown, Jasmine | ) | |
| | ) | |
| Cordew, Shanoya Ms. | ) | |
| | ) | |
| Spears, Marina Ms. | ) | |
| | ) | |
| Hall, Victor Mr. | ) | |
| | ) | |
| Middlebrooks, Morgan Ms. | ) | |
| | ) | |
| Blake, Christopher Dr. | ) | |
| | ) | |
| Morales, Rodrigo Dr. | ) | |
| | ) | |
| Wann, Tony Mr. | ) | |
| | ) | |

Salley, Nanyamka Ms. )
)
)
)
Rogers, Cynthia Ms. )
)
)
)
Byrne, Patricia Ms. )
)
)
)
McGraw, Christopher Mr. )
**Defendant** )
)
)

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Holly Maestas**
> **Lawson & Beck, LLC**
> **1125 Commerce Drive, Suite 300**
> **Peachtree City, Georgia 30269**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____26th day of_____April, 20 23

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

APR 26, 2023 09:12 AM

Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

**SUMMONS**

| | |
|---|---|
| Waller, Shannon, Jr. Mr. | Case |
| | No.: 2023CV379367 |
| **Plaintiff,** | |
| **vs.** | |
| Board of Regents of the University System of Georgia, DBA Board of Regents, University System of Georgia, USG | |
| Houston Healthcare System, Inc., DBA Houston Healthcare, Houston Hospitals, HMC | |
| Houston Hospitals, Inc., DBA Houston Healthcare, HMC | |
| Miller, Teri Ms. | |
| Brown, Jasmine | |
| Cordew, Shanoya Ms. | |
| Spears, Marina Ms. | |
| Hall, Victor Mr. | |
| Middlebrooks, Morgan Ms. | |
| Blake, Christopher Dr. | |
| Morales, Rodrigo Dr. | |
| Wann, Tony Mr. | |

Salley, Nanyamka Ms.
_____   )
                                 )
                                 )
                                 )
Rogers, Cynthia Ms.              )
_____   )
                                 )
                                 )
Byrne, Patricia Ms.              )
_____   )
                                 )
                                 )
                                 )
McGraw, Christopher Mr.          )
_____   )
          **Defendant**          )
                                 )

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

**Holly Maestas**
**Lawson & Beck, LLC**
**1125 Commerce Drive, Suite 300**
**Peachtree City, Georgia 30269**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____ 26th day of_____ April, 20 23

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

_____
Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

🔷 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**APR 26, 2023 09:12 AM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

**SUMMONS**

| | | |
|---|---|---|
| Waller, Shannon, Jr. Mr. | ) | Case |
| | ) | No.: 2023CV379367 |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| Board of Regents of the University System of Georgia, DBA Board of Regents, University System of Georgia, USG | ) | |
| | ) | |
| | ) | |
| Houston Healthcare System, Inc., DBA Houston Healthcare, Houston Hospitals, HMC | ) | |
| | ) | |
| | ) | |
| Houston Hospitals, Inc., DBA Houston Healthcare, HMC | ) | |
| | ) | |
| | ) | |
| Miller, Teri Ms. | ) | |
| | ) | |
| Brown, Jasmine | ) | |
| | ) | |
| Cordew, Shanoya Ms. | ) | |
| | ) | |
| Spears, Marina Ms. | ) | |
| | ) | |
| Hall, Victor Mr. | ) | |
| | ) | |
| Middlebrooks, Morgan Ms. | ) | |
| | ) | |
| Blake, Christopher Dr. | ) | |
| | ) | |
| Morales, Rodrigo Dr. | ) | |
| | ) | |
| Wann, Tony Mr. | ) | |
| | ) | |

Salley, Nanyamka Ms.                          )
                                              )
                                              )
                                              )
Rogers, Cynthia Ms.                           )
                                              )
                                              )
                                              )
Byrne, Patricia Ms.                           )
                                              )
                                              )
                                              )
McGraw, Christopher Mr.                        )
              **Defendant**                    )
                                              )
                                              )

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Holly Maestas**
> **Lawson & Beck, LLC**
> **1125 Commerce Drive, Suite 300**
> **Peachtree City, Georgia 30269**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____ 26th day of_____ April, 20 23

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

APR 26, 2023 09:12 AM

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

**SUMMONS**

| | |
|---|---|
| Waller, Shannon, Jr. Mr. | Case No.: 2023CV379367 |
| **Plaintiff,** | |
| **vs.** | |
| Board of Regents of the University System of Georgia, DBA Board of Regents, University System of Georgia, USG | |
| Houston Healthcare System, Inc., DBA Houston Healthcare, Houston Hospitals, HMC | |
| Houston Hospitals, Inc., DBA Houston Healthcare, HMC | |
| Miller, Teri Ms. | |
| Brown, Jasmine | |
| Cordew, Shanoya Ms. | |
| Spears, Marina Ms. | |
| Hall, Victor Mr. | |
| Middlebrooks, Morgan Ms. | |
| Blake, Christopher Dr. | |
| Morales, Rodrigo Dr. | |
| Wann, Tony Mr. | |

Salley, Nanyamka Ms. )
                     )
                     )
                     )
Rogers, Cynthia Ms.  )
                     )
                     )
                     )
Byrne, Patricia Ms.  )
                     )
                     )
                     )
McGraw, Christopher Mr. )
        **Defendant**   )
                     )

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

>**Holly Maestas**
>**Lawson & Beck, LLC**
>**1125 Commerce Drive, Suite 300**
>**Peachtree City, Georgia 30269**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____ 26th day of_____ April, 20 23

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court


_____
Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

APR 26, 2023 09:12 AM

Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

**SUMMONS**

| | |
|---|---|
| Waller, Shannon, Jr. Mr. | ) Case |
| | ) No.: 2023CV379367 |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| Board of Regents of the University System of Georgia, DBA Board of Regents, University System of Georgia, USG | ) |
| | ) |
| | ) |
| Houston Healthcare System, Inc., DBA Houston Healthcare, Houston Hospitals, HMC | ) |
| | ) |
| | ) |
| Houston Hospitals, Inc., DBA Houston Healthcare, HMC | ) |
| | ) |
| | ) |
| Miller, Teri Ms. | ) |
| | ) |
| | ) |
| Brown, Jasmine | ) |
| | ) |
| | ) |
| Cordew, Shanoya Ms. | ) |
| | ) |
| | ) |
| Spears, Marina Ms. | ) |
| | ) |
| | ) |
| Hall, Victor Mr. | ) |
| | ) |
| | ) |
| Middlebrooks, Morgan Ms. | ) |
| | ) |
| | ) |
| Blake, Christopher Dr. | ) |
| | ) |
| | ) |
| Morales, Rodrigo Dr. | ) |
| | ) |
| | ) |
| Wann, Tony Mr. | ) |
| | ) |
| | ) |

Salley, Nanyamka Ms.
_____   )
                                  )
                                  )
                                  )
Rogers, Cynthia Ms.
_____   )
                                  )
                                  )
                                  )
Byrne, Patricia Ms.
_____   )
                                  )
                                  )
                                  )
McGraw, Christopher Mr.
_____   )
              **Defendant**        )
                                  )

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Holly Maestas**
> **Lawson & Beck, LLC**
> **1125 Commerce Drive, Suite 300**
> **Peachtree City, Georgia 30269**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____26th day of_____April, 20 23

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court


_____
Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

APR 26, 2023 09:12 AM

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

**SUMMONS**

| | |
|---|---|
| Waller, Shannon, Jr. Mr. | Case No.: 2023CV379367 |
| **Plaintiff,** | |
| **vs.** | |
| Board of Regents of the University System of Georgia, DBA Board of Regents, University System of Georgia, USG | |
| Houston Healthcare System, Inc., DBA Houston Healthcare, Houston Hospitals, HMC | |
| Houston Hospitals, Inc., DBA Houston Healthcare, HMC | |
| Miller, Teri Ms. | |
| Brown, Jasmine | |
| Cordew, Shanoya Ms. | |
| Spears, Marina Ms. | |
| Hall, Victor Mr. | |
| Middlebrooks, Morgan Ms. | |
| Blake, Christopher Dr. | |
| Morales, Rodrigo Dr. | |
| Wann, Tony Mr. | |

Salley, Nanyamka Ms.       )
                )
                )
                )
Rogers, Cynthia Ms.        )
                )
                )
                )
Byrne, Patricia Ms.         )
                )
                )
                )
McGraw, Christopher Mr.      )
     **Defendant**        )
                )

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

>**Holly Maestas**
>**Lawson & Beck, LLC**
>**1125 Commerce Drive, Suite 300**
>**Peachtree City, Georgia 30269**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____26th_day of_____April, 20 23

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

APR 26, 2023 09:12 AM

Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

**SUMMONS**

| | |
|---|---|
| Waller, Shannon, Jr. Mr. | ) Case |
| | ) No.: 2023CV379367 |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| Board of Regents of the University System of Georgia, DBA Board of Regents, University System of Georgia, USG | ) |
| | ) |
| | ) |
| Houston Healthcare System, Inc., DBA Houston Healthcare, Houston Hospitals, HMC | ) |
| | ) |
| Houston Hospitals, Inc., DBA Houston Healthcare, HMC | ) |
| | ) |
| Miller, Teri Ms. | ) |
| | ) |
| Brown, Jasmine | ) |
| | ) |
| Cordew, Shanoya Ms. | ) |
| | ) |
| Spears, Marina Ms. | ) |
| | ) |
| Hall, Victor Mr. | ) |
| | ) |
| Middlebrooks, Morgan Ms. | ) |
| | ) |
| Blake, Christopher Dr. | ) |
| | ) |
| Morales, Rodrigo Dr. | ) |
| | ) |
| Wann, Tony Mr. | ) |
| | ) |

Salley, Nanyamka Ms.      )
                     )
                     )

Rogers, Cynthia Ms.      )
                     )
                     )

Byrne, Patricia Ms.      )
                     )
                     )

McGraw, Christopher Mr.      )
        **Defendant**       )
                     )

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Holly Maestas**
> **Lawson & Beck, LLC**
> **1125 Commerce Drive, Suite 300**
> **Peachtree City, Georgia 30269**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____26th day of_____April, 20 23

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

_____
Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**APR 26, 2023 09:12 AM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
**SUMMONS**

| | |
|---|---|
| Waller, Shannon, Jr. Mr. | Case No.: 2023CV379367 |
| **Plaintiff,** | |
| **vs.** | |
| Board of Regents of the University System of Georgia, DBA Board of Regents, University System of Georgia, USG | |
| Houston Healthcare System, Inc., DBA Houston Healthcare, Houston Hospitals, HMC | |
| Houston Hospitals, Inc., DBA Houston Healthcare, HMC | |
| Miller, Teri Ms. | |
| Brown, Jasmine | |
| Cordew, Shanoya Ms. | |
| Spears, Marina Ms. | |
| Hall, Victor Mr. | |
| Middlebrooks, Morgan Ms. | |
| Blake, Christopher Dr. | |
| Morales, Rodrigo Dr. | |
| Wann, Tony Mr. | |

Salley, Nanyamka Ms. _____ )
                                                   )
                                                   )
                                                   )
Rogers, Cynthia Ms. _____ )
                                                   )
                                                   )
                                                   )
Byrne, Patricia Ms. _____ )
                                                   )
                                                   )
                                                   )
McGraw, Christopher Mr. _____ )
                      **Defendant**                )
                                                   )

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Holly Maestas**
> **Lawson & Beck, LLC**
> **1125 Commerce Drive, Suite 300**
> **Peachtree City, Georgia 30269**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

**This_____26th day of_____April, 20 23**

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

_____
Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**APR 26, 2023 09:12 AM**

Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

**SUMMONS**

| | |
|---|---|
| Waller, Shannon, Jr. Mr. | Case No.: 2023CV379367 |
| **Plaintiff,** | |
| **vs.** | |
| Board of Regents of the University System of Georgia, DBA Board of Regents, University System of Georgia, USG | |
| Houston Healthcare System, Inc., DBA Houston Healthcare, Houston Hospitals, HMC | |
| Houston Hospitals, Inc., DBA Houston Healthcare, HMC | |
| Miller, Teri Ms. | |
| Brown, Jasmine | |
| Cordew, Shanoya Ms. | |
| Spears, Marina Ms. | |
| Hall, Victor Mr. | |
| Middlebrooks, Morgan Ms. | |
| Blake, Christopher Dr. | |
| Morales, Rodrigo Dr. | |
| Wann, Tony Mr. | |

Salley, Nanyamka Ms. )
_____ )
                                )
                                )
Rogers, Cynthia Ms. )
_____ )
                                )
                                )
Byrne, Patricia Ms. )
_____ )
                                )
                                )
McGraw, Christopher Mr. )
_____ )
             **Defendant** )
                                )

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Holly Maestas**
> **Lawson & Beck, LLC**
> **1125 Commerce Drive, Suite 300**
> **Peachtree City, Georgia 30269**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____26th_day of_____April, 20_23_

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

APR 26, 2023 09:12 AM

Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

## SUMMONS

| | |
|---|---|
| Waller, Shannon, Jr. Mr. | Case No.: 2023CV379367 |
| **Plaintiff,** | |
| **vs.** | |
| Board of Regents of the University System of Georgia, DBA Board of Regents, University System of Georgia, USG | |
| Houston Healthcare System, Inc., DBA Houston Healthcare, Houston Hospitals, HMC | |
| Houston Hospitals, Inc., DBA Houston Healthcare, HMC | |
| Miller, Teri Ms. | |
| Brown, Jasmine | |
| Cordew, Shanoya Ms. | |
| Spears, Marina Ms. | |
| Hall, Victor Mr. | |
| Middlebrooks, Morgan Ms. | |
| Blake, Christopher Dr. | |
| Morales, Rodrigo Dr. | |
| Wann, Tony Mr. | |

Salley, Nanyamka Ms. )
_____ )
)
)
Rogers, Cynthia Ms. )
_____ )
)
)
Byrne, Patricia Ms. )
_____ )
)
)
McGraw, Christopher Mr. )
_____ )
**Defendant** )
)

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Holly Maestas**
> **Lawson & Beck, LLC**
> **1125 Commerce Drive, Suite 300**
> **Peachtree City, Georgia 30269**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____26th day of_____April, 20 23

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

APR 26, 2023 09:12 AM

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

**SUMMONS**

| | |
|---|---|
| Waller, Shannon, Jr. Mr. | ) Case |
| | ) No.: 2023CV379367 |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| Board of Regents of the University System of Georgia, DBA Board of Regents, University System of Georgia, USG | ) |
| | ) |
| | ) |
| Houston Healthcare System, Inc., DBA Houston Healthcare, Houston Hospitals, HMC | ) |
| | ) |
| | ) |
| Houston Hospitals, Inc., DBA Houston Healthcare, HMC | ) |
| | ) |
| | ) |
| Miller, Teri Ms. | ) |
| | ) |
| Brown, Jasmine | ) |
| | ) |
| Cordew, Shanoya Ms. | ) |
| | ) |
| Spears, Marina Ms. | ) |
| | ) |
| Hall, Victor Mr. | ) |
| | ) |
| Middlebrooks, Morgan Ms. | ) |
| | ) |
| Blake, Christopher Dr. | ) |
| | ) |
| Morales, Rodrigo Dr. | ) |
| | ) |
| Wann, Tony Mr. | ) |
| | ) |

Salley, Nanyamka Ms. _____   )
                                       )
                                       )
                                       )
Rogers, Cynthia Ms. _____   )
                                       )
                                       )
                                       )
Byrne, Patricia Ms. _____   )
                                       )
                                       )
                                       )
McGraw, Christopher Mr. _____   )
                    **Defendant**       )
                                       )

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Holly Maestas**
> **Lawson & Beck, LLC**
> **1125 Commerce Drive, Suite 300**
> **Peachtree City, Georgia 30269**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____26th day of_____April, 20 23

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

_____
Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

APR 26, 2023 09:12 AM

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

**SUMMONS**

| | |
|---|---|
| Waller, Shannon, Jr. Mr. | Case No.: 2023CV379367 |
| **Plaintiff,** | |
| **vs.** | |
| Board of Regents of the University System of Georgia, DBA Board of Regents, University System of Georgia, USG | |
| Houston Healthcare System, Inc., DBA Houston Healthcare, Houston Hospitals, HMC | |
| Houston Hospitals, Inc., DBA Houston Healthcare, HMC | |
| Miller, Teri Ms. | |
| Brown, Jasmine | |
| Cordew, Shanoya Ms. | |
| Spears, Marina Ms. | |
| Hall, Victor Mr. | |
| Middlebrooks, Morgan Ms. | |
| Blake, Christopher Dr. | |
| Morales, Rodrigo Dr. | |
| Wann, Tony Mr. | |

Salley, Nanyamka Ms. _____ )
                                          )
                                          )
                                          )
Rogers, Cynthia Ms. _____  )
                                          )
                                          )
                                          )
Byrne, Patricia Ms. _____  )
                                          )
                                          )
                                          )
McGraw, Christopher Mr. _____ )
            **Defendant**                 )
                                          )

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Holly Maestas**
> **Lawson & Beck, LLC**
> **1125 Commerce Drive, Suite 300**
> **Peachtree City, Georgia 30269**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____ 26th_ day of_____ April, 20 23

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

APR 26, 2023 09:12 AM

Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

**SUMMONS**

| | |
|---|---|
| Waller, Shannon, Jr. Mr. _____ | ) Case |
| | ) No.: 2023CV379367 _____ |
| | ) |
| _____ | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| Board of Regents of the University System of Georgia, DBA Board of Regents, University System of Georgia, USG | ) |
| | ) |
| Houston Healthcare System, Inc., DBA Houston Healthcare, Houston Hospitals, HMC | ) |
| | ) |
| Houston Hospitals, Inc., DBA Houston Healthcare, HMC | ) |
| | ) |
| Miller, Teri Ms. | ) |
| | ) |
| Brown, Jasmine | ) |
| | ) |
| Cordew, Shanoya Ms. | ) |
| | ) |
| Spears, Marina Ms. | ) |
| | ) |
| Hall, Victor Mr. | ) |
| | ) |
| Middlebrooks, Morgan Ms. | ) |
| | ) |
| Blake, Christopher Dr. | ) |
| | ) |
| Morales, Rodrigo Dr. | ) |
| | ) |
| Wann, Tony Mr. | ) |
| | ) |

Salley, Nanyamka Ms.
_____ )
)
)
)
Rogers, Cynthia Ms.
_____ )
)
)
)
Byrne, Patricia Ms.
_____ )
)
)
)
McGraw, Christopher Mr.
_____ )
)
**Defendant** )
)

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Holly Maestas**
> **Lawson & Beck, LLC**
> **1125 Commerce Drive, Suite 300**
> **Peachtree City, Georgia 30269**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

**This_____ 26th day of_____ April, 20 23**

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

_____
Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**APR 26, 2023 09:12 AM**

Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

**SUMMONS**

| | |
|---|---|
| Waller, Shannon, Jr. Mr. | ) Case |
| | ) No.: 2023CV379367 |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| Board of Regents of the University System of Georgia, DBA Board of Regents, University System of Georgia, USG | ) |
| | ) |
| | ) |
| Houston Healthcare System, Inc., DBA Houston Healthcare, Houston Hospitals, HMC | ) |
| | ) |
| | ) |
| Houston Hospitals, Inc., DBA Houston Healthcare, HMC | ) |
| | ) |
| | ) |
| Miller, Teri Ms. | ) |
| | ) |
| Brown, Jasmine | ) |
| | ) |
| Cordew, Shanoya Ms. | ) |
| | ) |
| Spears, Marina Ms. | ) |
| | ) |
| Hall, Victor Mr. | ) |
| | ) |
| Middlebrooks, Morgan Ms. | ) |
| | ) |
| Blake, Christopher Dr. | ) |
| | ) |
| Morales, Rodrigo Dr. | ) |
| | ) |
| Wann, Tony Mr. | ) |
| | ) |

Salley, Nanyamka Ms. _____ )
                                                   )
                                                   )
                                                   )
Rogers, Cynthia Ms. _____   )
                                                   )
                                                   )
                                                   )
Byrne, Patricia Ms. _____   )
                                                   )
                                                   )
                                                   )
McGraw, Christopher Mr. _____  )
                    **Defendant**                  )
                                                   )

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Holly Maestas**
> **Lawson & Beck, LLC**
> **1125 Commerce Drive, Suite 300**
> **Peachtree City, Georgia 30269**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____26th_day of_____April, 20 23

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

APR 26, 2023 09:12 AM

Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
**SUMMONS**

| | |
|---|---|
| Waller, Shannon, Jr. Mr. | ) Case |
| | ) No.: 2023CV379367 |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| Board of Regents of the University System of | ) |
| Georgia, DBA Board of Regents, University System | ) |
| of Georgia, USG | ) |
| | ) |
| Houston Healthcare System, Inc., DBA Houston | ) |
| Healthcare, Houston Hospitals, HMC | ) |
| | ) |
| Houston Hospitals, Inc., DBA Houston Healthcare, | ) |
| HMC | ) |
| | ) |
| Miller, Teri Ms. | ) |
| | ) |
| Brown, Jasmine | ) |
| | ) |
| Cordew, Shanoya Ms. | ) |
| | ) |
| Spears, Marina Ms. | ) |
| | ) |
| Hall, Victor Mr. | ) |
| | ) |
| Middlebrooks, Morgan Ms. | ) |
| | ) |
| Blake, Christopher Dr. | ) |
| | ) |
| Morales, Rodrigo Dr. | ) |
| | ) |
| Wann, Tony Mr. | ) |
| | ) |

Salley, Nanyamka Ms.                         )
                                             )
                                             )
                                             )
Rogers, Cynthia Ms.                          )
                                             )
                                             )
                                             )
Byrne, Patricia Ms.                          )
                                             )
                                             )
                                             )
McGraw, Christopher Mr.                       )
                    **Defendant**            )
                                             )

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> **Holly Maestas**
> **Lawson & Beck, LLC**
> **1125 Commerce Drive, Suite 300**
> **Peachtree City, Georgia 30269**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

**This_____ 26th day of_____ April, 20 23**

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

APR 26, 2023 09:12 AM

Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| SHANNON WALLER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BOARD OF REGENTS OF THE | ) |
| UNIVERSITY SYSTEM OF | ) |
| GEORGIA; TERI MILLER; | ) |
| JASMINE BROWN; SHANOYA | ) |
| CORDEW; MARINA SPEARS; VICTOR | ) |
| HALL; MORGAN MIDDLEBROOKS; | ) |
| CHRISTOPHER BLAKE; CHRISTOPHER | ) |
| MCGRAW; RODRIGO MORALES; | ) |
| TONY WANN; NANYAMKA SALLEY; | ) |
| CYNTHIA ROGERS; PATRICIA BYRNE; | ) |
| HOUSTON HEALTHCARE SYSTEM, | ) |
| INC., and HOUSTON HOSPITALS, INC., | ) |
| | ) |
| Defendants. | ) |

Civil Action File No.

_____

## **COMPLAINT**

COMES NOW the Plaintiff SHANNON WALLER, JR. (hereafter "Plaintiff") and files

this Complaint against Defendants and shows the Court as follows:

## PARTIES

1.

Plaintiff is an individual and a resident of Jones County, Georgia, and was a respiratory

therapy student at Middle Georgia State University ("MGA"), an institution of the Defendant

BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA ("USG").

2.

Defendant USG d/b/a MGA is a public university in the University System of Georgia.

3.

MGA is a part of Defendant USG and is not a separate legal entity.

4.

Defendants   HOUSTON   HEALTHCARE   SYSTEM,   INC.   ("HOUSTON

HEALTHCARE")  and HOUSTON HOSPITALS, INC.  are corporations which receive federal

financial assistance for their programs and provide services to the public.

5.

Defendant TERI MILLER was an agent of Defendant USG and was the Chair of the

respiratory therapy program at MGA, during the relevant time period.

6.

Defendant JASMINE BROWN was an agent of Defendant USG and was Plaintiff's

professor of the clinical externship (RESP 4125) at MGA, during the relevant time period.

7.

Defendant SHANOYA CORDEW was an agent of Defendant USG, and was the Student

Conduct Coordinator at MGA, during the relevant time period.

8.

Defendants MARINA SPEARS, VICTOR HALL, and MORGAN MIDDLEBROOKS

were agents of Defendant USG and were hearing panel members for Plaintiff's disciplinary

tribunal hearing at MGA.

9.

Defendant CHRISTOPHER BLAKE was an agent of Defendant USG, and was the president of MGA, during the relevant time period, and denied relief to Plaintiff sought in an appeal.

10.

Defendant CHRISTOPHER H. MCGRAW was an agent of Defendant USG and was the Vice Chancellor of Legal Affairs of Defendant USG, during the relevant time period, and denied relief Plaintiff sought in an appeal.

11.

Defendant RODRIGO MORALES, M.D., was a physician and respiratory care professional and an agent of HOUSTON HEALTHCARE and HOUSTON HOSPITALS where Plaintiff underwent his clinical externship for RESP 4125.

12.

Defendant TONY WANN was the Supervisor of Respiratory Care at HOUSTON HEALTHCARE and HOUSTON HOSPITALS where Plaintiff underwent his clinical externship for RESP 4125.

13.

Defendant NANYAMKA SALLEY was an employee at HOUSTON HEALTHCARE and HOUSTON HOSPITALS where Plaintiff underwent his clinical externship for RESP 4125.

14.

Defendant CYNTHIA ROGERS was Supervisor of Respiratory Therapy at HOUSTON HEALTHCARE and HOUSTON HOSPITALS where Plaintiff underwent his clinical externship for RESP 4125.

15.

Defendant PATRICIA BYRNE was an upper level administrative employee at HOUSTON HEALTHCARE and HOUSTON HOSPITALS where Plaintiff underwent his clinical externship for RESP 4125.

## JURISDICTION & VENUE

16.

Jurisdiction and venue are proper in the Superior Court of Fulton County, Georgia. O.C.G.A. §§ 9-10-31(b), 50-21-1(b).

## ANTE LITEM NOTICE

17.

Mr. Waller delivered an *ante litem* notice to Wade Damron, Director of the Risk Management Division of the Georgia Department of Administrative Services, 200 Piedmont Avenue SE, Suite 1220, West Tower, Atlanta, Georgia 30334, and to the state government entities, as required by O.C.G.A. § 50-21-26. A copy of the notices along with a copy of the certified mail receipts is attached to the complaint as "Exhibit A."

## FACTS

18.

On August 12, 2020, Plaintiff began the respiratory therapy program with Defendant USG at MGA.

19.

On or about February 11, 2021, Alexis Pope, a clinical instructor and agent of USG and MGA, communicated to Defendant MILLER Pope's opinion that Plaintiff "display[ed] a sort of nervous anxiety" among other behavior which Pope deemed notable.

20.

On or about February 2, 2022, Alexis Pope, communicated to Defendants MILLER and BROWN Pope's opinion that Plaintiff made "some inappropriate statements during his clinical rotations that is making the staff uncomfortable."

21.

Alexis Pope's opinion of Plaintiff did not result in any academic or disciplinary infraction or record for Plaintiff at MGA or USG.

22.

From February 2021 through November 2021, Defendants MILLER and BROWN continued to discuss their feelings related to Plaintiff's anxiety and depression, including Plaintiff's use of a counselor.

23.

Defendants MILLER and BROWN were aware that Plaintiff suffered from Attention Deficit Disorder (ADD), anxiety, and depression, and that Plaintiff used a counselor and medication for these conditions.

24.

From February 2021 through November 2021, Defendants MILLER and BROWN continued to discuss their feelings about the Plaintiff's ADD, anxiety, and depression with Dr. Michael Stewart (MGA's Associate Vice President for Student Affairs at the time) and Dr. Tara Underwood (MGA's Dean of the School of Health and Natural Sciences).

25.

On November 1, 2021, Dr. Michael Stewart required Plaintiff to provide "Documentation from . . . . [a] licensed psychiatrist or psychologist, on letterhead, certifying that [Plaintiff is] not a danger to [him]self or others and that [Plaintiff is] able to withstand the stress of participation in a collegiate environment and clinical setting related to [Plaintiff's] field of study, including the care of neonatal, pediatric and adult critical care patients."

26.

On November 2, 2021, Plaintiff complied with Stewart's request.

27.

Defendants documented zero academic or conduct consequences for Plaintiff as a result of the foregoing facts from February through November 2021.

28.

Plaintiff achieved a record of satisfactory academic achievement and satisfactory student conduct until the alleged events of April 2022, which led to his removal from MGA.

29.

Plaintiff was four (4) clinical days short of graduating with a degree from the respiratory program at MGA when Plaintiff was revoked from the program on April 29, 2022.

30.

If Plaintiff could complete RESP 4125, Plaintiff would be fully eligible for graduation with a respiratory therapy degree from MGA, as well as state licensing as a respiratory therapist.

31.

On or about April 21, 2022, Plaintiff blew the whistle regarding the failure to use the appropriately sized cannula on a patient at HOUSTON HEALTHCARE and HOUSTON HOSPITALS during his clinical rotation.

32.

This patient "coded" twice, i.e. went in to cardiac arrest, which endangered said patient's life and caused injury to her body.

33.

These "codes" or cardiac arrests were caused, in part, by the inappropriately sized cannula.

34.

Defendants MORALES, WANN, and SALLEY were aware that Plaintiff suffered from Attention Deficit Disorder (ADD), anxiety, and depression, and that Plaintiff used a counselor and medication for these conditions.

35.

Defendants MORALES, WANN, and SALLEY perceived that Plaintiff was unsatisfactory in his performance at HOUSTON HEALTHCARE and HOUSTON HOSPITALS due to their opinions related to Plaintiff's ADD, anxiety, and depression.

36.

Defendants MORALES, WANN, and SALLEY communicated their perceptions and opinions of the Plaintiff's ADD, anxiety, and depression to each other and to Defendants USG, HOUSTON HEALTHCARE, HOUSTON HOSPITALS, MILLER, BROWN, ROGERS, and BYRNE.

37.

Defendants MORALES, WANN, and SALLEY communicated that Plaintiff endangered patients and failed to follow rules to each other and to Defendants USG, HOUSTON HEALTHCARE, MILLER, BROWN, ROGERS, and BYRNE.

38.

Defendants MORALES, WANN, SALLEY, MILLER, BROWN, ROGERS, and BYRNE perceived that Plaintiff was unable to perform.

39.

Defendants MORALES, WANN, SALLEY, MILLER, BROWN, ROGERS, and BYRNE'S perceptions, opinions, and communications about the Plaintiff were false and unsupported by evidence.

40.

Defendants MORALES, WANN, SALLEY, MILLER, BROWN, ROGERS, and BYRNE's perceptions, opinions, and communications about the Plaintiff were passed on to Defendants USG, HOUSTON HEALTHCARE, HOUSTON HOSPITALS, MILLER, BROWN, CORDEW, SPEARS, HALL, MIDDLEBROOKS, BLAKE, and MCGRAW.

41.

The complaints of Defendants MORALES, WANN, SALLEY, MILLER, BROWN, ROGERS, and BYRNE led to the Plaintiff being removed from HOUSTON HEALTHCARE and HOUSTON HOSPITALS, which eventually led to Plaintiff being removed as a student at MGA.

42.

On April 29, 2022, Defendant MILLER emailed and suspended him indefinitely from his clinical rotation at HOUSTON HEALTHCARE and HOUSTON HOSPITALS.

43.

On or about May 4, 2022, Defendant ROGERS and HOUSTON HEALTHCARE officially barred Plaintiff from HOUSTON HEALTHCARE and HOUSTON HOSPITALS, and communicated this to Defendant MILLER in writing.

44.

Defendant MILLER selected for Plaintiff to complete his clinical externship portion of RESP 4125 at HOUSTON HEALTHCARE and HOUSTON HOSPITALS in Warner Robins, Georgia.

45.

Defendants USG, MILLER, BROWN, BLAKE, and MCGRAW, had other options besides HOUSTON HEALTHCARE and HOUSTON HOSPITALS for Plaintiff to complete his clinical rotation component under RESP 4125.

46.

On May 9, 2022, Defendant CORDEW emailed Plaintiff a letter regarding alleged violations of the MGA Student Code of Conduct which allegedly occurred on April 22, 2022.

47.

On May 10, 2022, Defendant CORDEW emailed Plaintiff a letter which attached several documents which Plaintiff has requested from CORDEW, stating that the attachments were a part of the allegations pending against him.

48.

On May 10, 2022, Defendant CORDEW emailed Plaintiff a letter to follow-up previous correspondence from CORDEW realleging violations of the Student Code of Conduct for conduct which allegedly occurred on April 22, 2022.

49.

At various time before the hearing, Plaintiff attempted to obtain a complete collection of the evidence against him, lists of witnesses, investigative reports, notes, and summaries, from

Defendants USG, MILLER, BROWN, CORDEW, BLAKE, and MCGRAW but was unable to
do so.

50.

On June 1, 2022, Defendant CORDEW conducted a hearing regarding the allegations
against Plaintiff.

51.

Defendants MILLER and BROWN served as the complainants at the hearing.

52.

Defendants USG, MILLER, BROWN, BLAKE, MCGRAW, and CORDEW failed to
adequately investigate the allegations and complaints against the Plaintiff.

53.

At the hearing, Plaintiff submitted to Defendant CORDEW specific questions he wanted
asked of the complainants.

54.

Defendant CORDEW did not ask these questions of the complainants.

55.

Defendant CORDEW submitted additional evidence on the date of the hearing.

56.

Defendants SPEARS, HALL, and MIDDLEBROOKS rendered a decision that Plaintiff
was responsible for some of the allegations made against him.

57.

Defendants SPEARS, HALL, and MIDDLEBROOKS rendered a decision that Plaintiff should receive a grade of "F" in RESP 4125.

58.

On June 6, 2022, Defendant CORDEW emailed Plaintiff the decision of the panel from the hearing.

59.

This decision was that Plaintiff was found responsible for some of the allegations of the complainants and that as a result Plaintiff would receive and F in RESP 4125.

60.

On June 7, 2022, Defendant CORDEW emailed Plaintiff a corrected version of the June 6, 2022, correcting a typo in the number of the class.

61.

On June 21, 2022, Plaintiff timely appealed the decision of the panel to Defendant CORDEW.

62.

On June 27, 2022, Defendant CORDEW affirmed the decision of the hearing panel.

63.

On July 6, Plaintiff timely appealed the decision of the panel to Defendant BLAKE.

64.

On July 14, 2022, Defendant BLAKE affirmed the decision of the hearing panel.

65.

On August 1, 2022, Plaintiff timely filed an application for discretionary review to Defendant MCGRAW.

66.

On September 15, 2022, Defendant MCGRAW affirmed the decision of the hearing panel.

67.

The MGA Policy Manual/Student Code of Conduct mandates that Defendants USG, MILLER, BROWN, CORDEW, MORGAN, HALL, MIDDLEBROOKS, BLAKE, and MCGRAW follow strict procedural steps complaints made against students. MGA Policy Manual § 4.1.5.3 – Student Conduct Procedures & Student Rights. (This will hereafter be referred to as the "Student Code of Conduct.")

68.

The Student Code of Conduct requires that "the institution shall review the complaint to determine whether the allegation(s) describes conduct in violation of the institution's policies and/or code of conduct."

69.

The Student Code of Conduct requires that "If the reported conduct would not be a violation of the institution's policies and/or code of conduct then the report should be dismissed."

70.

The Student Code of Conduct requires a "prompt, thorough, and impartial investigation and review shall be conducted in to each complaint received to determine whether charges against a student should be brought."

71.

The Student Code of Conduct requires that the "Complaint of the alleged violations shall be submitted in writing to the Office of Student Affairs" for further review by the "Student Conduct Officer or Student Conduct Investigator."

72.

The Student Code of Conduct requires, in cases of non-academic infractions . . ., [a] preliminary conference [where the student will have a]n opportunity to review charges, evidence and proposed sanction, to respond to the charges and to select from Adjudication Options."

73.

Where suspension or expulsion is involved, the Student Code of Conduct requires "written notice . . . of the identity of any investigator(s) involved."

74.

Where suspension or expulsion is involved, the Student Code of Conduct requires that "the investigation shall consist of interviews of the charged student, any alleged victims (where applicable) and witnesses, and the collection and review of documents or other physical or electronic information, as well as other steps as appropriate." In doing so, "The investigator shall also keep a record of any proffered witnesses not interviewed, along with a brief, written explanation."

75.

Where suspension or expulsion is involved, the Student Code of Conduct requires that "The investigations shall be summarized in written in an initial investigation report and provided to the charged student . . . ." "This summary should clearly indicate any resulting charges . . . as well as the facts and evidence in support thereof, witness statement, and possible sanctions."

76.

Where suspension or expulsion is involved, the Student Code of Conduct requires that "A copy of the final investigative report will be provided to charged student . . . before any hearing . . . [and] to the Student Conduct Board panel or hearing office during the hearing."

77.

Where suspension or expulsion is involved, the Student Code of Conduct requires that "The investigator may testify as a witness regarding the investigation and findings, but shall otherwise have no part in the hearing process and shall not attempt to otherwise influence the proceedings outside of providing testimony during the hearing."

78.

Where academic misconduct is involved, the Student Code of Conduct requires the instructor to "be the first to attempt to adjudicate the case by presenting evidence (Student Infraction Form and all supporting documents) to the student.

79.

The Student Code of Conduct requires "due process" including "[a] fair and impartial hearing," notice of "the nature of the evidence against them and names of witnesses scheduled to appear," the ability to "[s]ubmit questions for witnesses to the Student Conduct Officer . . .

[which t]he Chairperson will determine if the charged student's questions are appropriate and if the charged student's questions will be posed verbally or in writing."

80.

The Student Code of Conduct requires that where a student denies responsibility that "The hearing will be scheduled within ten (10) University business days after the accused student requests it . . . ."

81.

Defendants     USG,     MILLER,     BROWN,     CORDEW,     MORGAN,     HALL, MIDDLEBROOKS, BLAKE, and MCGRAW failed to follow the requirements of the Student Code of Conduct.

82.

MGA's *Academic Conduct Procedures* is in place to guarantee that "the due process rights of all students are protected."

83.

The *Academic Conduct Procedures* require that that very specific information be reported to the Office of Student Conduct via the Academic Infraction Reporting Form including the dates, times, locations, and nature of the alleged conduct, among other details.

84.

MGA's *Academic Conduct Procedures* require that the "student respondent will be provided an opportunity to . . . choose from adjudication options."

85.

MGA's *Academic Conduct Procedures* requires that, "If the student is found responsible for academic misconduct, the hearing body will determine an appropriate sanction . . . ."

86.

MGA's *Academic Conduct Procedures* permits the hearing body to consider a large range of sanctions including the following: "Opportunity to rewrite or re-submit assignment for a lesser grade" and a "Grade of '0' on the assignment, or potion of assignment . . . ."

87.

MGA's *Academic Conduct Procedures* permits the hearing body to "review prior student conduct history only after reaching a determination of responsibility in the current case" when determining the appropriate sanction for the student.

88.

MGA's *Academic Conduct Procedures* requires that if the hearing body imposes "A higher sanction, not limited to the grade of 'F' for the course," that the hearing body must "offer reasoning and justification for the higher sanction."

89.

Defendants USG, MILLER, BROWN, CORDEW, MORGAN, HALL, MIDDLEBROOKS, BLAKE, and MCGRAW failed to follow the requirements of the *Academic Conduct Procedures*.

90.

MGA's Syllabus for RESP 4125 for Spring 2022 provide for the sanction of "grade reduction" for an assignment, "review of material between student and the clinical instructor on

first observation," and "loss of clinical hours" as possible options for punishment for failure to abide by the requirements of the clinical program.

91.

MGA's Syllabus for RESP 4125 for Spring 2022 only provides for failure from the course, removal from the clinical site, or dismissal from the program if there is "repeated failure to meet this expectation."

92.

Defendants USG, MILLER, BROWN, CORDEW, MORGAN, HALL, MIDDLEBROOKS, BLAKE, and MCGRAW failed to follow the requirements of MGA's Syllabus for RESP 4125 for Spring 2022.

## COUNT 1: BREACH OF CONTRACT

### (AGAINST DEFENDANT USG)

93.

The policies, syllabi, handbooks, and codes of conduct of Defendant USG and MGA constitute written contracts with their students.

94.

Defendant USG and MGA has waived their sovereign immunity with respect to liability for breach of written contracts.

95.

Defendant USG and MGA breached its contract with Plaintiff by failing to follow the requirements of the Student Code Conduct, the Academic Conduct Procedures, MGA's Syllabus for RESP 4125 for Spring 2022, and other written policies of MGA and USG.

96.

This breach of contract caused Plaintiff damages in an amount to be proven at trial.

**COUNT 2: 42 U.S.C. § 1983 (DUE PROCESS)**

**(AGAINST DEFENDANTS MILLER, BROWN, CORDEW, BLAKE, MCGRAW, SPEARS, HALL, & MIDDLEBROOKS)**

97.

The Georgia Constitution and the Due process Clause of the Fourteenth Amendment guarantee that no person shall be deprived of life, liberty, or property without due process of law.

98.

Plaintiff was a student at a public university

99.

Plaintiff had a protected property interest in his education and related rights.

100.

Plaintiff was entitled to due process prior to those interests being taken away.

101.

Plaintiff was entitled to notice and an opportunity to be heard.

102.

Plaintiff was entitled to the names of the witnesses against him and an oral or written report to which each witness testifies.

103.

Plaintiff was entitled to the procedural requirements of Student Code Conduct, the Academic Conduct Procedures, and MGA's Syllabus for RESP 4125 for Spring 2022, and other written policies of MGA.

104.

Defendants failed to provide Plaintiff with these things and therefore deprived Plaintiff of his due process rights under law.

105.

The law is clearly established and Defendants had fair warning that Plaintiff was entitled to these procedural protections.

106.

Denial of due process to Plaintiff constitutes an irreparable injury per se, and Plaintiff is entitled to declaratory and injunctive relief, and damages to be determined by a jury.

## COUNT 3: REHABILITATION ACT

### (AGAINST DEFENDANTS USG, MILLER, BROWN, CORDEW, SPEARS, HALL MIDDLEBROOKS, BLAKE, MCGRAW, HOUSTON HEALTCHARE & HOUSTON HOSPITALS)

107.

Defendants USG is an instrumentality of the state and a public entity.

108.

Defendants MILLER, BROWN, CORDEW, SPEARS, HALL, MIDDLEBROOKS BLAKE, and MCGRAW are public entities and instrumentalities of the state in their official capacities.

109.

Defendant HOUSTON HEALTHCARE and HOUSTON HOSPITALS are corporations which receive Federal financial assistance for their programs, and thus constitute a public entities under the Section 504 of the Rehabilitation Act.

110.

Defendants were aware that Plaintiff suffered from Attention Deficit Disorder (ADD), anxiety, and depression, and that Plaintiff used a counselor and medication for these disorders.

111.

Defendant was an otherwise qualified individual with a disability.

112.

Defendants regarded Plaintiff as having a mental or physical impairment that substantially limited one or more of Plaintiff's major life activities.

113.

Because of Defendants' regarding Plaintiff as having this impairment, Defendants denied Plaintiff the opportunity to participate in and benefit from his clinical externship and educational opportunities.

114.

Defendants' actions constituted a violation of Section 504 of the Rehabilitation Act.

115.

Plaintiff is entitled to declaratory and injunctive relief, and damages to be determined by a jury.

## COUNT 4:  AMERICANS WITH DISABILITIES ACT

### (AGAINST DEFENDANTS USG, MILLER, BROWN, CORDEW, SPEARS, HALL MIDDLEBROOKS, BLAKE, MCGRAW, HOUSTON HEALTCHARE & HOUSTON HOSPITALS)

116.

Defendants USG is an instrumentality of the state and a public entity.

117.

Defendants MILLER, BROWN, CORDEW, SPEARS, HALL, MIDDLEBROOKS BLAKE, and MCGRAW are public entities and instrumentalities of the state in their official capacities.

118.

Defendant HOUSTON HEALTHCARE and HOUSTON HOSPITALS are corporations which receive Federal financial assistance for their programs, and thus constitute public entities under the Americans With Disabilities Act.

119.

Defendants were aware that Plaintiff suffered from Attention Deficit Disorder (ADD), anxiety, and depression, and that Plaintiff used a counselor and medication for these disorders.

110.

Defendant was an otherwise qualified individual with a disability.

111.

Defendants regarded Plaintiff as having a mental or physical impairment that substantially limited one or more of Plaintiff's major life activities.

112.

Because of Defendants' regarding Plaintiff has having this impairment, Defendants denied Plaintiff the opportunity to participate in and benefit from his clinical externship and educational opportunities.

113.

Defendants' actions constituted a violation of the Americans With Disabilities Act.

114.

Plaintiff is entitled to declaratory and injunctive relief, and damages to be determined by a jury.

**COUNT 5: TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

**(AGAINST DEFENDANTS MORALES, WANN, SALLEY, ROGERS & BYRNE)**

115.

Plaintiff was in a contractual relationship with Defendant USG and MGA.

116.

As a part of Plaintiff's contract with Defendant USG and MGA, Plaintiff was on a clinical rotation at HOUSTON HEALTHCARE and HOUSTON HOSPITALS as a student.

117.

Defendants engaged in improper action and wrongful conduct by making improper and malicious complaints against the Plaintiff which induced a breach of the contractual obligations between Plaintiff and MGA.

118.

Defendants were strangers to these contractual relations and lacked privilege to interfere.

119.

As a direct and proximate cause of Defendants' tortious interference with the contractual relations between Plaintiff and Defendant MGA, Plaintiff suffered immense damages in amount to be proven a trial.

## CONSEQUENTIAL, SPECIAL & EMOTIONAL DAMAGES

120.

As a direct and proximate cause of Defendants' acts and omissions, Plaintiff suffered damages, including nominal, compensatory, consequential, special, and emotional damages. Plaintiff suffered loss of his higher education record, dreams and potential, loss of his career, lost pay and benefits, demotions, lost job opportunities, financial loss, and increased stress which caused Plaintiff to become ill, depressed, anxious, and sleep deprived as a result of Defendants' acts and omissions. This is not an exhaustive list of Plaintiff's damages.

121.

Special damages include Plaintiff's lost education, career, salary, benefits, reduced retirement, reduced pension, and loss of enjoyment of life.

## PUNITIVE DAMAGES

### 122.

The actions of Defendants show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences.

### 123.

Punitive damages should be awarded against Defendants in an amount sufficient to deter, penalize, and punish Defendants in light of the circumstances of this case, as provided in O.C.G.A. § 51-12-5.1.

## ATTORNEY'S FEES & COSTS OF LITIGATION

### 124.

Deflendants acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense, therefore making Defendants liable to Plaintiff for his attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11.

### 125.

Plaintiff is entitled to attorney's fees and costs of litigation under 42 U.S.C. § 1988.

### 123.

Plaintiff is entitled to attorney's fees and costs of litigation under 28 U.S.C. § 794a.

### 126.

Plaintiff is entitled to attorney's fees and costs of litigation under 42 U.S.C. § 12205.

## DECLARATORY, INJUNCTIVE & EQUITABLE RELIEF

127.

Defendants owe Plaintiff equitable, declaratory, and injunctive relief to rectify the damages and injuries caused by their acts and omissions, and Plaintiff specifically demands equitable relief to make Plaintiff whole.

128.

Specifically, Plaintiff requests reversal of the action taken against him, reinstatement, cease and desist from further disciplinary action and retaliation, back pay, front pay, lost benefits, retraction, correction of her disciplinary and personnel file, and neutral reporting to all future educators, employers, and reference inquiries.

129.

Plaintiff reserves the right to request such further equitable or injunctive relief which may be revealed as necessary to make Plaintiff whole, which may be revealed through discovery or at trial.

**WHEREFORE,** having fully stated her Complaint, Plaintiff prays:

a.  that a judgment be entered against Defendants, and in favor of Plaintiff, on all Counts;

b.  that Defendants be ordered to reverse all action taken against the Plaintiff and to reinstate Plaintiff;

c.  that Defendants be ordered to reverse and correct Plaintiff's educational, career, and personnel files;

d.      that Defendants be ordered to pay Plaintiff compensation, compensatory damages, tuition, lost income, front pay, back pay, lost benefits, lost retirement benefits, reasonable attorney fees, court costs, and expenses;

e.      that declaratory and equitable relief and a permanent injunction be awarded restraining Defendants from further wrongful action, discipline, and retaliation against Plaintiff;

e.      that Plaintiff be awarded consequential, nominal, compensatory, and special damages as against Defendants to compensate Plaintiff for his mental and emotional distress, anxiety, humiliation, loss of professional and personal reputation, income, benefits, and opportunities, as consequences of the Defendants' various unlawful and tortious conduct, including loss of enjoyment of life, in an amount to be determined by the enlightened conscience of a jury;

h.      that Plaintiff have a judgment entered in his favor and against Defendants, for all his damages allowed under law;

i.      that Plaintiff recover punitive damages against Defendants in an amount to be determined by the enlightened conscience of a jury, an amount to deter Defendants and others from similar conduct;

k.      that Plaintiff recover his attorney's fees, costs, and expenses of litigation as permissible under law;

l.      that Defendants be ordered to render specific performance equitable relief to Plaintiff as stated in the Complaint;

m.      that Plaintiff be granted a trial by jury on all issues so triable;

n.    that all costs of the action be cast upon Defendants;

o.    that Defendants be ordered to pay pre-judgment and post-judgment interest according to law; and

p.    that this Court order such other, further, and different relief as this Court deems just and proper.

Respectfully submitted this 21st day of April, 2023.


LAWSON, BECK & SANDLIN, LLC

Holly Hance Maestas
Attorney for Plaintiff
Georgia State Bar No. 153092

1125 Commerce Drive, Suite 300
Peachtree City, Georgia 30269
Telephone:   (770) 486-8949
Facsimile:   (770) 486-8950
Email: holly@lawsonandbeck.com

# EXHIBIT A

(to Plaintiff's *Complaint*)

# B BECK & SANDLIN

### ATTORNEYS AT LAW

GARY G. LAWSON
J. SAMUEL BECK
CLIF SANDLIN

January 20, 2023

HEATHER A. DOGNAZZI
E. MICHELLE ROTHMEIER
B. D. MURPHY, III
ERIN C. CHUSTZ
EMILY D. WEBB
HOLLY H. MAESTAS

### *VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED*

| | |
|---|---|
| Mr. Wade Damron, Director<br>Georgia Department of Administrative Services<br>Risk Management Division<br>200 Piedmont Avenue SE, Suite 1220,<br>West Tower, Atlanta, Georgia 30334<br>Return Receipt No.<br>7019 2970 0001 6201 6131 | Dr. Christopher Blake, President<br>Middle Georgia State University<br>Office of the President<br>Administration Building, Office 224<br>100 University Parkway<br>Macon, Georgia 31206<br>Return Receipt No.<br>7019 2970 0001 6201 6162 |
| Dr. Sonny Perdue, Chancellor<br>Office of the Chancellor<br>Board of Regents of the University System of<br>Georgia<br>270 Washington Street, SW<br>Atlanta, GA 30334<br>Return Receipt No.<br>7019 2970 0001 6201 6148 | Dr. Teri Miller,<br>Middle Georgia State University<br>Department of Respiratory Therapy<br>Charles H. Jones Building<br>Suite 257, Office #275<br>100 University Parkway<br>Macon, Georgia 31206<br>Return Receipt No.<br>7019 2970 0001 6201 6179 |
| Mr. Christopher McGraw, Vice Chancellor of<br>Legal Affairs<br>Office of Legal Affairs<br>Board of Regents of the University System of<br>Georgia<br>270 Washington Street, SW<br>Atlanta, GA 30334<br>Return Receipt No.<br>7019 2970 0001 6201 6155 | Ms. Renee Rainey, University Counsel<br>Middle Georgia State University<br>Office of the President<br>Administration Building, Office 224<br>100 University Parkway<br>Macon, Georgia 31206<br>Return Receipt No.<br>7019 2970 0001 6201 6186 |

**RE:**    **Ante Litem Notice:** *Shannon Waller, Jr. v. Board of Regents of the University System of Georgia et al.*

Dear Sirs and Madams:

     I represent Mr. Shannon Waller, Jr. in his various claims against the Board of Regents of the University System of Georgia and its various agents: Middle Georgia State University, Teri Miller, Jasmine Brown, Shanoya Cordew, Marina Spears, Victor

Wade Damron, et al.
Ante litem notice
January 20, 2023
Page 2 of 4

Hall, Morgan Middlebrooks, Christopher Blake, and Christopher McGraw; and other claims against other non-government entities.

This ante litem notice is being mailed to your pursuant to the requirements of O.C.G.A. § 50-21-26, and this notice further provides as follows:

(A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim;

1. Board of Regents of the University System of Georgia ("USG")
2. Middle Georgia State University ("MGA")
3. Teri Miller, Chair of Respiratory Therapy Program, MGA
4. Jasmine Brown, Professor of Respiratory Therapy, MGA
5. Shanoya Cordew, Student Conduct Coordinator, MGA
6. Marina Spears, Panel Member, Disciplinary Tribunal, MGA
7. Victor Hall, Panel Member, Disciplinary Tribunal, MGA
8. Morgan Middlebrooks, Panel Member, Disciplinary Tribunal, MGA
9. Christopher Blake, President, MGA
10. Christopher McGraw, Vice Chancellor of Legal Affairs, USG;

11. Breach of contract for failure to follow requirements of the Student Code of Conduct, the Academic Conduct Procedures, and MGA's Syllabus for RESP 4125 for Spring 2022
12. Violation of Plaintiff's due process rights (42 U.S.C. § 1983) for failure to follow the requirements of the Student Code of Conduct, the Academic Conduct Procedures, and MGA's Syllabus for RESP 4125 for Spring 2022
13. Violation of Section 504 of the Rehabilitation Act by regarding Plaintiff as having an impairment that substantially limited one or more of Plaintiff's major life activities and denying Plaintiff access to education programs as a result.
14. Violation of the Americans With Disabilities Act by regarding Plaintiff as having an impairment that substantially limited one or more of Plaintiff's major life activities and denying Plaintiff access to education programs as a result.
15. Punitive damages (O.C.G.A. § 51-12-5.1) for willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences.

(B) The time of the transaction or occurrence out of which the loss arose;

1. Approximately February 2021 – September 15, 2022 – the time period in which Defendant regarded Plaintiff as having a major life impairment and denied Plaintiff access to education programs as a result.

Wade Damron, et al.
Ante litem notice
January 20, 2023
Page 3 of 4

2. Approximately April 21, 2022 – September 15, 2022 – the time period in which Plaintiff learned that he was being removed from the respiratory therapy program and subsequent denials of appeals.

3. Approximately August 12, 2020 – present – the time period when Plaintiff began the respiratory therapy program at MGA through the present – for past and accruing damages.

**(C)** The place of the transaction or occurrence;

1. Middle Georgia State University
2. Houston County Medical Center
3. Jones County, Georgia

**(D)/ (E)** The nature and amount of the loss suffered;

1. Damage to Plaintiff's educational record/transcript/reputation - $1,000,000.00
2. Damages for constitutional violations per se - $1,000,000.00
3. Loss of future employment income - $90,000.00/year for 40 years
4. Loss of future employment benefits (expense reimbursements, insurance, retirement, fringe benefits, good will) - $4,000,000.00
5. Loss of quality of life - $1,000,000.00
6. Defamation/loss of reputation - $50,000.00/year for 40 years
7. Emotional harm: stress, illness, depression, anxiety, loss of sleep, loss of enjoyment of life, medical bills - $1,000,000.00
8. Punitive damages - $4,000,000.00
9. Attorney's fees – ongoing (hourly)
10. Costs of litigation – ongoing (discovery, depositions, copies, mail, expert witnesses, travel, court reporters, filing fees, attorney fees, service fees, etc.)
11. Plaintiff is also requesting declaratory, injunctive, and equitable relief as follows:
    i. Cease and desist further retaliation
    ii. Reversal and correction of past actions to educational and employment records
    iii. Reinstatement to respiratory therapy program and restoration/fulfillment of all requirements for full participation in a career as a respiratory therapist
    iv. Granting of degree and licensure
    v. Recommendations and reference for future employment or education

Wade Damron, et al.
Ante litem notice
January 20, 2023
Page 4 of 4

(F) The acts or omissions which caused the loss.

    a. Breach of contract for failure to follow requirements of the Student Code of Conduct, the Academic Conduct Procedures, and MGA's Syllabus for RESP 4125 for Spring 2022

    b. Violation of Plaintiff's due process rights (42 U.S.C. § 1983) for failure to follow the requirements of the Student Code of Conduct, the Academic Conduct Procedures, and MGA's Syllabus for RESP 4125 for Spring 2022

    c. Violation of Section 504 of theRehabilitation Act by regarding Plaintiff as having an impairment that substantially limited one or more of Plaintiff's major life activities and denying Plaintiff access to education programs as a result.

    d. Violation of the Americans With Disabilities Act by regarding Plaintiff as having an impairment that substantially limited one or more of Plaintiff's major life activities and denying Plaintiff access to education programs as a result.

    e. Punitive damages (O.C.G.A. § 51-12-5.1) for willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences.

    f. Attorney's fees under O.C.G.A. § 13-6-11, 42 U.S.C. § 1988, 28 U.S.C. § 794a, 28 U.S.C. § 12205.

Please note that Mr. Waller also plans to pursue claims against Houston Healthcare System, Inc., Rodrigo Morales, M.D., Tony Wann, Nanyamka Salley, Cynthia Rogers, and Patricia Byrne for violations of the Rehabilitation Act and Americans With Disabilities Act, tortious interference with contractual relations, defamation, damages, and punitive damages which overlap with the facts and damages listed above.

Thank you for your prompt and diligent attention in these matters.

Sincerely,
LAWSON, BECK & SANDLIN, LLC

*Holly H. Maestas*

Holly Hance Maestas
Attorney at Law



LAWSON
BECK &
SANDLIN
ATTORNEYS AT LAW

125 Commerce Drive Suite 300
Peachtree City, Georgia 30269

7019 2970 0001 6201 6131



CERTIFIED MAIL

Mr. Wade Damron, Director
Georgia Department of Administrative Services
Risk Management Division
200 Piedmont Avenue SE, Suite 1220,
West Tower, Atlanta, Georgia 30334

PITNEY BOWES
$8.06 □
US POSTAGE™
FIRST-CLASS
0290W00487646
2000147060
ZIP 30269
JAN 20 2023



---

LAWSON
BECK &
SANDLIN
ATTORNEYS AT LAW

125 Commerce Drive Suite 300
Peachtree City, Georgia 30269

7019 2970 0001 6201 6148



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL

Dr. Sonny Purdue, Chancellor
Office of the Chancellor
Board of Regents of the University System of Georgia
270 Washington Street, SW
Atlanta, GA 30334

PITNEY BOWES
$8.06 □
US POSTAGE™
FIRST-CLASS
0290W00487646
2000147060
ZIP 30269
JAN 20 2023





# LAWSON BECK & SANDLIN

ATTORNEYS AT LAW

105 Commerce Drive Suite 300
Peachtree City, Georgia 30269



CERTIFIED MAIL

7019 2970 0001 6201 6155

Mr. Christopher McGraw, Vice Chancellor of Legal Affairs
Office of Legal Affairs
Board of Regents of the University System of Georgia
270 Washington Street, SW
Atlanta, GA 30334

---

# LAWSON BECK & SANDLIN

ATTORNEYS AT LAW

105 Commerce Drive Suite 300
Peachtree City, Georgia 30269



CERTIFIED MAIL

7019 2970 0001 6201 6162

Dr. Christopher Blake, President
Middle Georgia State University
Office of the President
Administration Building, Office 224
100 University Parkway
Macon, Georgia 31206

# LAWSON BECK & SANDLIN

ATTORNEYS AT LAW

1125 Commerce Drive Suite 300
Peachtree City, Georgia 30269



7019 2970 0001 6201 6179

Dr. Teri Miller,
Middle Georgia State University
Department of Respiratory Therapy
Charles H. Jones Building
Suite 257, Office #275
100 University Parkway
Macon, Georgia 31206

---

# LAWSON BECK & SANDLIN

ATTORNEYS AT LAW

1125 Commerce Drive Suite 300
Peachtree City, Georgia 30269



CERTIFIED MAIL

7019 2970 0001 6201 6191

Ms. Renee Rainey, University Counsel
Middle Georgia State University
Office of the President
Administration Building, Office 224
100 University Parkway
Macon, Georgia 31206



HM - Waller

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

Mr. Christopher McGraw, Vice Chancellor of Legal Affairs
Office of Legal Affairs
Board of Regents of the University System of Georgia
270 Washington Street, SW
Atlanta, GA 30334

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Shonda M. Rowe*   ☒ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Shonda M. Rowe   1-26-2023

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

9590 9402 5671 9308 0768 97

7019 2970 0001 6201 6155

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

HM - Waller

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

Mr. Wade Damron, Director
Georgia Department of Administrative Services
Risk Management Division
200 Piedmont Avenue SE, Suite 1220,
West Tower, Atlanta, Georgia 30334

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   ☐ Agent  ☒ Addressee

B. Received by (Printed Name)   C. Date of Delivery
1-25-23

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

9590 9402 5671 9308 0769 10

7019 2970 0001 6201 6131

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

HM. Waller

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Dr. Christopher Blake, President
Middle Georgia State University
Office of the President
Administration Building, Office 224
100 University Parkway
Macon, Georgia 31206

9590 9402 5671 9308 0766 80

7019 2970 0001 6201 6162

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Carey Wimberly    ☑ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Carey Wimberly    6/25/23

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

HM. Waller

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Dr. Sonny Purdue, Chancellor
Office of the Chancellor
Board of Regents of the University System of Georgia
270 Washington Street, SW
Atlanta, GA 30334

9590 9402 5671 9308 0769 03

7019 2970 0001 6201 6148

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Rhonda M. Rowe    ☑ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Rhonda M. Rowe    1-27-2023

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

HM- Waller

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Ms. Renee Rainey, University Counsel
Middle Georgia State University
Office of the President
Administration Building, Office 224
100 University Parkway
Macon, Georgia 31206

9590 9402 5671 9308 0768 66

7019 2970 0001 6201 6186

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Carey Wimberly
☑ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Carey Wimberly   01 25 23

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ....... Mail
☐ ....... Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

## IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| SHANNON WALLER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | _____ |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA; TERI MILLER; | ) | |
| JASMINE BROWN; SHANOYA | ) | |
| CORDEW; MARINA SPEARS; VICTOR | ) | |
| HALL; MORGAN MIDDLEBROOKS; | ) | |
| CHRISTOPHER BLAKE; CHRISTOPHER | ) | |
| MCGRAW; RODRIGO MORALES; | ) | |
| TONY WANN; NANYAMKA SALLEY; | ) | |
| CYNTHIA ROGERS; PATRICIA BYRNE; | ) | |
| HOUSTON HEALTHCARE | ) | |
| SYSTEM, INC., and HOUSTON | ) | |
| HOSPITALS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

### VERIFICATION

Personally appeared SHANNON WALLER, JR., who, after being duly sworn, states that the facts alleged in the foregoing *Complaint*, which is to be filed in the matter of *Shannon Waller, Jr. v. Board of Regents of the University System of Georgia et al*, are true and correct to the best of his knowledge, belief, and information.

This, the 21ˢᵀ day of April, 2023.

_Shannon Waller, Jr._
SHANNON WALLER, JR., Plaintiff

Sworn to and subscribed before me this
21ˢᵗ day of April
_[signature]_
Notary Public
My commission expires

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**MAY 02, 2023 11:20 AM**

Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

SHANNON WALLER, JR,

*Plaintiff(s) / Petitioner(s),*

v.                                                    Case No.: 2023CV379367

HOUSTON HOSPITALS, INC, HOUSTON
HEALTHCARE SYSTEM, INC, BOARD OF
REGENTS OF THE UNIVERSITY SYSTEM OF
GEORGIA, TONY WANN, CYNTHIA ROGERS,
PATRICIA BYRNE, RODRIGO MORALES, et al,

*Defendant(s) / Respondent(s).*

### AFFIDAVIT OF SERVICE

I, Michael Harbuck, being duly sworn, state: I am over 18 years of age, I am a citizen of the United States, I am a Georgia Certified Process Server, holding certification no. 294, and I have no interest in this case.

As such, I served the following documents upon **Houston Healthcare System, Inc** on April 28, 2023, at 7:35pm at 220 Silver Birch Lane, Kathleen, GA 31047, by delivering a copy of said documents to **Charles Briscoe** as CEO and Registered Agent:

Summons, Complaint with Exhibits, Case Filing Information Form.

Additional comments:

Mr. Briscoe is a white male, 55-60 years, 6'1'' tall, 195lbs, black hair.

I solemnly swear and affirm under penalty of perjury that the above information is true and accurate.

Signature, Michael Harbuck, GA CPS #294
Trinity Process Service
Warner Robins, GA
P: 478-551-SERV (7378)

Subscribed and sworn to before me this
1st day of May 2023 by personal knowledge.
Witness my hand and official seal.

_____
Notary Public

HEIDI JOY HARBUCK
NOTARY PUBLIC
HOUSTON COUNTY, GEORGIA
MY COMMISSION EXPIRES
JUNE 14, 2025

✦ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**MAY 02, 2023 11:20 AM**

Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

SHANNON WALLER, JR,

*Plaintiff(s) / Petitioner(s),*

v.                                                          Case No.: 2023CV379367

HOUSTON HOSPITALS, INC, HOUSTON
HEALTHCARE SYSTEM, INC, BOARD OF
REGENTS OF THE UNIVERSITY SYSTEM OF
GEORGIA, TONY WANN, CYNTHIA ROGERS,
PATRICIA BYRNE, RODRIGO MORALES, et al,

*Defendant(s) / Respondent(s).*

### AFFIDAVIT OF SERVICE

I, Michael Harbuck, being duly sworn, state: I am over 18 years of age, I am a citizen of the United States, I am a Georgia Certified Process Server, holding certification no. 294, and I have no interest in this case.

As such, I served the following documents upon **Houston Hospitals, Inc** on April 28, 2023, at 7:35pm at 220 Silver Birch Lane, Kathleen, GA 31047, by delivering a copy of said documents to **Charles Briscoe** as CEO and Registered Agent:

Summons, Complaint with Exhibits, Case Filing Information Form.

Additional comments:

Mr. Briscoe is a white male, 55-60 years, 6'1'' tall, 195lbs, black hair.

I solemnly swear and affirm under penalty of perjury that the above information is true and accurate.

_____
Signature, Michael Harbuck, GA CPS #294
Trinity Process Service
Warner Robins, GA
P: 478-551-SERV (7378)

Subscribed and sworn to before me this
1st day of May 2023 by personal knowledge.
Witness my hand and official seal.

_____
Notary Public

HEIDI JOY HARBUCK
NOTARY PUBLIC
HOUSTON COUNTY, GEORGIA
MY COMMISSION EXPIRES
JUNE 14, 2025

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**MAY 02, 2023 11:20 AM**

Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

SHANNON WALLER, JR,

*Plaintiff(s) / Petitioner(s),*

v.                                                                    Case No.: 2023CV379367

HOUSTON HOSPITALS, INC, HOUSTON
HEALTHCARE SYSTEM, INC, BOARD OF
REGENTS OF THE UNIVERSITY SYSTEM OF
GEORGIA, TONY WANN, CYNTHIA ROGERS,
PATRICIA BYRNE, RODRIGO MORALES, et al,

*Defendant(s) / Respondent(s).*

### AFFIDAVIT OF SERVICE

I, Michael Harbuck, being duly sworn, state: I am over 18 years of age, I am a citizen of the United States, I am a Georgia Certified Process Server, holding certification no. 294, and I have no interest in this case.

As such, I served the following documents upon **Tony Randall Wann** on April 29, 2023, at 9:10am at 317 Angelina Grace Dr., Warner Robins, GA 31088, by delivering a copy of said documents to **Tony Randall Wann** personally and individually:

Summons, Complaint with Exhibits, Case Filing Information Form.

Additional comments:

Mr. Wann is a white male, 55-60 years, 6'1'' tall, 185lbs, gray hair.

I solemnly swear and affirm under penalty of perjury that the above information is true and accurate.

Signature, Michael Harbuck, GA CPS #294
Trinity Process Service
Warner Robins, GA
P: 478-551-SERV (7378)

Subscribed and sworn to before me this
1st day of May 2023 by personal knowledge.
Witness my hand and official seal.

_____
Notary Public

HEIDI JOY HARBUCK
MY COMMISSION EXPIRES
NOTARY PUBLIC
JUNE 14, 2025
HOUSTON COUNTY, GEORGIA

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**MAY 02, 2023 11:20 AM**

Cathelene Robinson, Clerk
Fulton County Superior Court

SHANNON WALLER, JR,

*Plaintiff(s) / Petitioner(s),*

v.                                                          Case No.: 2023CV379367

HOUSTON HOSPITALS, INC, HOUSTON
HEALTHCARE SYSTEM, INC, BOARD OF
REGENTS OF THE UNIVERSITY SYSTEM OF
GEORGIA, TONY WANN, CYNTHIA ROGERS,
PATRICIA BYRNE, RODRIGO MORALES, et al,

*Defendant(s) / Respondent(s).*

## AFFIDAVIT OF SERVICE

I, Michael Harbuck, being duly sworn, state: I am over 18 years of age, I am a citizen of the United States, I am a Georgia Certified Process Server, holding certification no. 294, and I have no interest in this case.

As such, I served the following documents upon **Cynthia Rogers aka Cynthia Ann Rogers aka Cindy Ann Rogers** on April 29, 2023, at 8:30am at 495 Perry Hwy, Hawkinsville, GA 31036, by delivering a copy of said documents to **Randy Rogers** as husband and co-resident:

Summons, Complaint with Exhibits, Case Filing Information Form.

Additional comments:

Mr. Rogers is a white male, 55-60 years, 5'7'' tall, 165lbs, gray hair. He advised that Ms. Rogers was at home at the time but was sleeping.

I solemnly swear and affirm under penalty of perjury that the above information is true and accurate.

Signature, Michael Harbuck, GA CPS #294
Trinity Process Service
Warner Robins, GA
P: 478-551-SERV (7378)

Subscribed and sworn to before me this
1st day of May 2023 by personal knowledge.
Witness my hand and official seal.

_____
Notary Public

HOUSTON HEIDI JOY HARBUCK
MY COMMISSION EXPIRES
NOTARY
PUBLIC
JUNE 14, 2025
HOUSTON COUNTY, GEORGIA

**IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA**

🏛 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**MAY 02, 2023 11:20 AM**

Cathelene Robinson, Clerk
Fulton County Superior Court

SHANNON WALLER, JR,

    *Plaintiff(s) / Petitioner(s),*

v.

HOUSTON HOSPITALS, INC, HOUSTON
HEALTHCARE SYSTEM, INC, BOARD OF
REGENTS OF THE UNIVERSITY SYSTEM OF
GEORGIA, TONY WANN, CYNTHIA ROGERS,
PATRICIA BYRNE, RODRIGO MORALES, et al,

    *Defendant(s) / Respondent(s).*

Case No.: 2023CV379367

## AFFIDAVIT OF SERVICE

I, Michael Harbuck, being duly sworn, state: I am over 18 years of age, I am a citizen of the United States, I am a Georgia Certified Process Server, holding certification no. 294, and I have no interest in this case.

As such, I served the following documents upon **Nanyamka Salley** on April 28, 2023, at 7:55pm at 314 Dog Fennel Lane, Perry, GA 31069, by delivering a copy of said documents to **Marquis Salley** as husband and co-resident:

    Summons, Complaint with Exhibits, Case Filing Information Form.

Additional comments:

    Mr. Salley is a black male, 35-40 years, 5'10'' tall, 175lbs, bald with black/gray goatee.

I solemnly swear and affirm under penalty of perjury that the above information is true and accurate.

Signature, Michael Harbuck, GA CPS #294
Trinity Process Service
Warner Robins, GA
P: 478-551-SERV (7378)

Subscribed and sworn to before me this
1st day of May 2023 by personal knowledge.
Witness my hand and official seal.

_____
Notary Public

HEIDI JOY HARBUCK
MY COMMISSION EXPIRES
NOTARY PUBLIC
JUNE 14, 2025
HOUSTON COUNTY, GEORGIA

⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**MAY 02, 2023 11:20 AM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

SHANNON WALLER, JR,

*Plaintiff(s) / Petitioner(s),*

v.                                                          Case No.: 2023CV379367

HOUSTON HOSPITALS, INC, HOUSTON
HEALTHCARE SYSTEM, INC, BOARD OF
REGENTS OF THE UNIVERSITY SYSTEM OF
GEORGIA, TONY WANN, CYNTHIA ROGERS,
PATRICIA BYRNE, RODRIGO MORALES, et al,

*Defendant(s) / Respondent(s).*

## AFFIDAVIT OF SERVICE

I, Michael Harbuck, being duly sworn, state: I am over 18 years of age, I am a citizen of the United States, I am a Georgia Certified Process Server, holding certification no. 294, and I have no interest in this case.

As such, I served the following documents upon **Dr. Rodrigo Enrique Morales** on April 28, 2023, at 6:45pm at 204 Westbury Ct, Warner Robins, GA 31088, by delivering a copy of said documents to upon **Dr. Rodrigo Enrique Morales** personally and individually:

      Summons, Complaint with Exhibits, Case Filing Information Form.

Additional comments:

      Dr. Morales is a Hispanic male, 55 years, 6'1'' tall, 195lbs, black hair.

I solemnly swear and affirm under penalty of perjury that the above information is true and accurate.

Signature, Michael Harbuck, GA CPS #294
Trinity Process Service
Warner Robins, GA
P: 478-551-SERV (7378)

Subscribed and sworn to before me this
1st day of May 2023 by personal knowledge.
Witness my hand and official seal.

Notary Public

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**MAY 02, 2023 11:20 AM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

**IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA**

SHANNON WALLER, JR,
    *Plaintiff(s) / Petitioner(s),*

v.
                                        Case No.: 2023CV379367

HOUSTON HOSPITALS, INC, HOUSTON
HEALTHCARE SYSTEM, INC, BOARD OF
REGENTS OF THE UNIVERSITY SYSTEM OF
GEORGIA, TONY WANN, CYNTHIA ROGERS,
PATRICIA BYRNE, RODRIGO MORALES, et al,
    *Defendant(s) / Respondent(s).*

## AFFIDAVIT OF SERVICE

I, Michael Harbuck, being duly sworn, state: I am over 18 years of age, I am a citizen of the United States, I am a Georgia Certified Process Server, holding certification no. 294, and I have no interest in this case.

As such, I served the following documents upon **Patricia Byrne aka Patricia Ann Burns aka Patty Burns** on April 29, 2023, at 11:10am at 1711 Bridle Lane, Macon, GA 31220, by delivering a copy of said documents to upon **Patricia Byrne aka Patricia Ann Burns aka Patty Burns** personally and individually:

    Summons, Complaint with Exhibits, Case Filing Information Form.

Additional comments:

    Ms. Burns is a white female, 55-65 years, 5'4'' tall, 145lbs, blonde hair.

I solemnly swear and affirm under penalty of perjury that the above information is true and accurate.

*Michael Harbuck*

Signature, Michael Harbuck, GA CPS #294
Trinity Process Service
Warner Robins, GA
P: 478-551-SERV (7378)

                                  Subscribed and sworn to before me this
                                  1st day of May 2023 by personal knowledge.
                                  Witness my hand and official seal.

                                *Heidi Joy Harbuck*
                                          Notary Public

*[Notary Seal: HEIDI JOY HARBUCK, NOTARY PUBLIC, HOUSTON COUNTY, GEORGIA, MY COMMISSION EXPIRES JUNE 14, 2025]*

⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**MAY 22, 2023 10:53 AM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| SHANNON WALLER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 2023CV379367 |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA; TERI MILLER; | ) | |
| JASMINE BROWN; SHANOYA | ) | |
| CORDEW; MARINA SPEARS; VICTOR | ) | |
| HALL; MORGAN MIDDLEBROOKS; | ) | |
| CHRISTOPHER BLAKE; CHRISTOPHER | ) | |
| MCGRAW; RODRIGO MORALES; | ) | |
| TONY WANN; NANYAMKA SALLEY; | ) | |
| CYNTHIA ROGERS; PATRICIA BYRNE; | ) | |
| HOUSTON HEALTHCARE SYSTEM, | ) | |
| INC., and HOUSTON HOSPITALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

---

### WAIVER OF SERVICE OF SUMMONS

---

TO:   Holly Hance Maestas
      (Attorney for Plaintiff Shannon Waller, Jr.)
      Lawson, Beck & Sandlin, LLC
      1125 Commerce Drive, Suite 300
      Peachtree City, Georgia 30269

I acknowledge receipt of your request that I waive service of a summons in the action of

*Shannon Waller, Jr. v. Board of Regents of the University System of et al*, which is case number

2023CV379367 in the Superior Court of Fulton County, State of Georgia. I have also received a

copy of the complaint in the action, two copies of this instrument, and a means by which I can

return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer is not served upon you within sixty (60) days from April 27, 2023, the date this waiver was sent, or within ninety (90) days after that date if the request for the waiver was sent outside the United States.

Respectfully submitted this 12th day of May, 2023.


Counsel For Defendant Christopher Blake

Jason H. Kang
State Law Department
40 Capitol Square SW
Atlanta, GA 30334
Tel: (404) 458-3559
Fax: (404) 651-5304
Email: jkang@law.ga.gov

State of Georgia Bar No. 759836

⚡ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**MAY 22, 2023 10:53 AM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| SHANNON WALLER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 2023CV379367 |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA; TERI MILLER; | ) | |
| JASMINE BROWN; SHANOYA | ) | |
| CORDEW; MARINA SPEARS; VICTOR | ) | |
| HALL;  MORGAN  MIDDLEBROOKS; | ) | |
| CHRISTOPHER BLAKE; CHRISTOPHER | ) | |
| MCGRAW; RODRIGO MORALES; | ) | |
| TONY WANN; NANYAMKA SALLEY; | ) | |
| CYNTHIA ROGERS; PATRICIA BYRNE; | ) | |
| HOUSTON  HEALTHCARE  SYSTEM, | ) | |
| INC., and HOUSTON HOSPITALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### <u>WAIVER OF SERVICE OF SUMMONS</u>

TO:   Holly Hance Maestas
      (Attorney for Plaintiff Shannon Waller, Jr.)
      Lawson, Beck & Sandlin, LLC
      1125 Commerce Drive, Suite 300
      Peachtree City, Georgia 30269

I acknowledge receipt of your request that I waive service of a summons in the action of

*Shannon Waller, Jr. v. Board of Regents of the University System of et al*, which is case number

2023CV379367 in the Superior Court of Fulton County, State of Georgia. I have also received a

copy of the complaint in the action, two copies of this instrument, and a means by which I can

return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer is not served upon you within sixty (60) days from April 27, 2023, the date this waiver was sent, or within ninety (90) days after that date if the request for the waiver was sent outside the United States.

Respectfully submitted this 12th day of May, 2023.

Counsel For Defendant Jasmine Brown

Jason H. Kang
State Law Department
40 Capitol Square SW
Atlanta, GA 30334
Tel: (404) 458-3559
Fax: (404) 651-5304
Email: jkang@law.ga.gov

Georgia State Bar No. 759836

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**MAY 22, 2023 10:53 AM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| SHANNON WALLER, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action File No. |
| v. | ) |
| | ) 2023CV379367 |
| BOARD OF REGENTS OF THE | ) |
| UNIVERSITY SYSTEM OF | ) |
| GEORGIA; TERI MILLER; | ) |
| JASMINE BROWN; SHANOYA | ) |
| CORDEW; MARINA SPEARS; VICTOR | ) |
| HALL; MORGAN MIDDLEBROOKS; | ) |
| CHRISTOPHER BLAKE; CHRISTOPHER | ) |
| MCGRAW; RODRIGO MORALES; | ) |
| TONY WANN; NANYAMKA SALLEY; | ) |
| CYNTHIA ROGERS; PATRICIA BYRNE; | ) |
| HOUSTON HEALTHCARE SYSTEM, | ) |
| INC., and HOUSTON HOSPITALS, INC., | ) |
| | ) |
|     Defendants. | ) |

## WAIVER OF SERVICE OF SUMMONS

TO:    Holly Hance Maestas
        (Attorney for Plaintiff Shannon Waller, Jr.)
        Lawson, Beck & Sandlin, LLC
        1125 Commerce Drive, Suite 300
        Peachtree City, Georgia 30269

        I acknowledge receipt of your request that I waive service of a summons in the action of

*Shannon Waller, Jr. v. Board of Regents of the University System of et al*, which is case number

2023CV379367 in the Superior Court of Fulton County, State of Georgia. I have also received a

copy of the complaint in the action, two copies of this instrument, and a means by which I can

return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer is not served upon you within sixty (60) days from April 27, 2023, the date this waiver was sent, or within ninety (90) days after that date if the request for the waiver was sent outside the United States.

Respectfully submitted this 12th day of May, 2023.

Counsel For Defendant Shanoya Cordew

Jason H. Kang
State Law Department
40 Capitol Square SW
Atlanta, GA 30334
Tel: (404) 458-3559
Fax: (404) 651-5304
Email: jkang@law.ga.gov

Georgia State  Bar No. 759836

⬡ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**MAY 22, 2023 10:53 AM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| SHANNON WALLER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 2023CV379367 |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA; TERI MILLER; | ) | |
| JASMINE BROWN; SHANOYA | ) | |
| CORDEW; MARINA SPEARS; VICTOR | ) | |
| HALL; MORGAN MIDDLEBROOKS; | ) | |
| CHRISTOPHER BLAKE; CHRISTOPHER | ) | |
| MCGRAW; RODRIGO MORALES; | ) | |
| TONY WANN; NANYAMKA SALLEY; | ) | |
| CYNTHIA ROGERS; PATRICIA BYRNE; | ) | |
| HOUSTON HEALTHCARE SYSTEM, | ) | |
| INC., and HOUSTON HOSPITALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

---

## WAIVER OF SERVICE OF SUMMONS

---

TO:   Holly Hance Maestas
(Attorney for Plaintiff Shannon Waller, Jr.)
Lawson, Beck & Sandlin, LLC
1125 Commerce Drive, Suite 300
Peachtree City, Georgia 30269

I acknowledge receipt of your request that I waive service of a summons in the action of

*Shannon Waller, Jr. v. Board of Regents of the University System of et al*, which is case number

2023CV379367 in the Superior Court of Fulton County, State of Georgia. I have also received a

copy of the complaint in the action, two copies of this instrument, and a means by which I can

return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer is not served upon you within sixty (60) days from April 27, 2023, the date this waiver was sent, or within ninety (90) days after that date if the request for the waiver was sent outside the United States.

Respectfully submitted this 16th day of May, 2023.

Counsel For Defendant Victor Hall

Jason H. Kang
State Law Department
40 Capitol Square SW
Atlanta, GA 30334
Tel: (404) 458-3559
Fax: (404) 651-5304
Email: jkang@law.ga.gov

State of Georgia Bar No. 759836

**⚡ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**MAY 22, 2023 10:53 AM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| SHANNON WALLER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 2023CV379367 |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA; TERI MILLER; | ) | |
| JASMINE BROWN; SHANOYA | ) | |
| CORDEW; MARINA SPEARS; VICTOR | ) | |
| HALL; MORGAN MIDDLEBROOKS; | ) | |
| CHRISTOPHER BLAKE; CHRISTOPHER | ) | |
| MCGRAW; RODRIGO MORALES; | ) | |
| TONY WANN; NANYAMKA SALLEY; | ) | |
| CYNTHIA ROGERS; PATRICIA BYRNE; | ) | |
| HOUSTON HEALTHCARE SYSTEM, | ) | |
| INC., and HOUSTON HOSPITALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## WAIVER OF SERVICE OF SUMMONS

TO:   Holly Hance Maestas
       (Attorney for Plaintiff Shannon Waller, Jr.)
       Lawson, Beck & Sandlin, LLC
       1125 Commerce Drive, Suite 300
       Peachtree City, Georgia 30269

I acknowledge receipt of your request that I waive service of a summons in the action of

***Shannon Waller, Jr. v. Board of Regents of the University System of et al***, which is case number

2023CV379367 in the Superior Court of Fulton County, State of Georgia. I have also received a

copy of the complaint in the action, two copies of this instrument, and a means by which I can

return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer is not served upon you within sixty (60) days from April 27, 2023, the date this waiver was sent, or within ninety (90) days after that date if the request for the waiver was sent outside the United States.

Respectfully submitted this 12th day of May, 2023.

Counsel For Defendant Christopher McGraw

Jason H. Kang
State Law Department
40 Capitol Square SW
Atlanta, GA 30334
Tel: (404) 458-3559
Fax: (404) 651-5304
Email: jkang@law.ga.gov

Georgia State Bar No. 759836

⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**MAY 22, 2023 10:53 AM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| SHANNON WALLER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 2023CV379367 |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA; TERI MILLER; | ) | |
| JASMINE BROWN; SHANOYA | ) | |
| CORDEW; MARINA SPEARS; VICTOR | ) | |
| HALL; MORGAN MIDDLEBROOKS; | ) | |
| CHRISTOPHER BLAKE; CHRISTOPHER | ) | |
| MCGRAW; RODRIGO MORALES; | ) | |
| TONY WANN; NANYAMKA SALLEY; | ) | |
| CYNTHIA ROGERS; PATRICIA BYRNE; | ) | |
| HOUSTON HEALTHCARE SYSTEM, | ) | |
| INC., and HOUSTON HOSPITALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## WAIVER OF SERVICE OF SUMMONS

TO:   Holly Hance Maestas
      (Attorney for Plaintiff Shannon Waller, Jr.)
      Lawson, Beck & Sandlin, LLC
      1125 Commerce Drive, Suite 300
      Peachtree City, Georgia 30269

I acknowledge receipt of your request that I waive service of a summons in the action of

*Shannon Waller, Jr. v. Board of Regents of the University System of et al*, which is case number

2023CV379367 in the Superior Court of Fulton County, State of Georgia. I have also received a

copy of the complaint in the action, two copies of this instrument, and a means by which I can

return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer is not served upon you within sixty (60) days from April 27, 2023, the date this waiver was sent, or within ninety (90) days after that date if the request for the waiver was sent outside the United States.

Respectfully submitted this 15th day of May, 2023.

Counsel For Defendant Morgan
Middlebrooks

Jason H. Kang
State Law Department
40 Capitol Square SW
Atlanta, GA 30334
Tel: (404) 458-3559
Fax: (404) 651-5304
Email: jkang@law.ga.gov

Georgia State Bar No. 759836

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**MAY 22, 2023 10:53 AM**

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| SHANNON WALLER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 2023CV379367 |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA; TERI MILLER; | ) | |
| JASMINE BROWN; SHANOYA | ) | |
| CORDEW; MARINA SPEARS; VICTOR | ) | |
| HALL; MORGAN MIDDLEBROOKS; | ) | |
| CHRISTOPHER BLAKE; CHRISTOPHER | ) | |
| MCGRAW; RODRIGO MORALES; | ) | |
| TONY WANN; NANYAMKA SALLEY; | ) | |
| CYNTHIA ROGERS; PATRICIA BYRNE; | ) | |
| HOUSTON HEALTHCARE SYSTEM, | ) | |
| INC., and HOUSTON HOSPITALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## WAIVER OF SERVICE OF SUMMONS

TO:    Holly Hance Maestas
       (Attorney for Plaintiff Shannon Waller, Jr.)
       Lawson, Beck & Sandlin, LLC
       1125 Commerce Drive, Suite 300
       Peachtree City, Georgia 30269

I acknowledge receipt of your request that I waive service of a summons in the action of

*Shannon Waller, Jr. v. Board of Regents of the University System of et al*, which is case number

2023CV379367 in the Superior Court of Fulton County, State of Georgia. I have also received a

copy of the complaint in the action, two copies of this instrument, and a means by which I can

return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer is not served upon you within sixty (60) days from April 27, 2023, the date this waiver was sent, or within ninety (90) days after that date if the request for the waiver was sent outside the United States.

Respectfully submitted this 12th day of May, 2023.

Counsel For Defendant Teri Miller

Jason H. Kang
State Law Department
40 Capitol Square SW
Atlanta, GA 30334
Tel: (404) 458-3559
Fax: (404) 651-5304
Email: jkang@law.ga.gov

Georgia State Bar No. 759836

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2023CV379367**

**MAY 22, 2023 10:53 AM**

Cathelene Robinson, Clerk
Fulton County Superior Court

## IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| SHANNON WALLER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 2023CV379367 |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA; TERI MILLER; | ) | |
| JASMINE BROWN; SHANOYA | ) | |
| CORDEW; MARINA SPEARS; VICTOR | ) | |
| HALL; MORGAN MIDDLEBROOKS; | ) | |
| CHRISTOPHER BLAKE; CHRISTOPHER | ) | |
| MCGRAW; RODRIGO MORALES; | ) | |
| TONY WANN; NANYAMKA SALLEY; | ) | |
| CYNTHIA ROGERS; PATRICIA BYRNE; | ) | |
| HOUSTON HEALTHCARE SYSTEM, | ) | |
| INC., and HOUSTON HOSPITALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>WAIVER OF SERVICE OF SUMMONS</u>

TO:   Holly Hance Maestas
(Attorney for Plaintiff Shannon Waller, Jr.)
Lawson, Beck & Sandlin, LLC
1125 Commerce Drive, Suite 300
Peachtree City, Georgia 30269

I acknowledge receipt of your request that I waive service of a summons in the action of

***Shannon Waller, Jr. v. Board of Regents of the University System of et al***, which is case number

2023CV379367 in the Superior Court of Fulton County, State of Georgia. I have also received a

copy of the complaint in the action, two copies of this instrument, and a means by which I can

return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer is not served upon you within sixty (60) days from April 27, 2023, the date this waiver was sent, or within ninety (90) days after that date if the request for the waiver was sent outside the United States.

Respectfully submitted this 12th day of May, 2023.

Counsel For Defendant Marina Spears

Jason H. Kang
State Law Department
40 Capitol Square SW
Atlanta, GA 30334
Tel: (404) 458-3559
Fax: (404) 651-5304
Email: jkang@law.ga.gov

Georgia State Bar No. 759836

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SHANNON WALLER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2023CV379367 |
| BOARD OF REGENTS OF THE, | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND DEFENSES OF DEFENDANTS BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, CHRISTOPHER MCGRAW, CHRISTOPHER BLAKE, TERI MILLER, JASMINE BROWN, SHANOYA CORDEW, MARINA SPEARS, VICTOR HALL, AND MORGAN MIDDLEBROOKS**

Defendants Board of Regents of the University System of Georgia ("BOR"), Christopher McGraw, Christopher Blake, Teri Miller, Jasmine Brown, Shanoya Cordew, Marina Spears, Victor Hall, and Morgan Middlebrooks, through counsel, submit this Answer and Defenses to the Complaint, as follows:

**FIRST DEFENSE**

The Complaint fails for lack of subject matter jurisdiction.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment and the doctrine of sovereign immunity.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, on the basis that an individual defendant sued in his official capacity is not a "person" subject to suit under 42 U.S.C. § 1983.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

**SIXTH DEFENSE**

Plaintiff's claims fail, in whole or in part, because Defendants have not denied him any rights, privileges, or immunities secured by the Constitution or laws of the United States or the State of Georgia.

**SEVENTH DEFENSE**

Plaintiff's claims for injunctive relief, if any, are barred, in whole or in part, because he has not suffered a violation of a Federal right.

**EIGHTH DEFENSE**

Defendants deny that they were negligent as alleged in the Complaint.

**NINTH DEFENSE**

Defendants deny that they are guilty of any wrongful or otherwise tortious act alleged in the Complaint.

**TENTH DEFENSE**

This Court lacks subject matter jurisdiction as to the alleged state tort claims against Defendants Miller, Brown, Cordew, Spears, Hall, Middlebrooks, Blake, and McGraw because they are immune from suit pursuant to O.C.G.A. § 50-21-25.

**ELEVENTH DEFENSE**

Plaintiff's tort claims against Defendants should be dismissed to the extent Plaintiff seeks

recovery for losses resulting from acts or omissions for which there is no waiver of sovereign

immunity under the Georgia Tort Claims Act ("GTCA"), pursuant to O.C.G.A. § 50-21-24.

## TWELFTH DEFENSE

Defendant BOR employees committed no negligent, or otherwise tortious, act or

omission that would entitle the Plaintiff to recover from Defendant BOR in this case.

## THIRTEENTH DEFENSE

To the extent that Plaintiff's alleged damages resulted from acts or omissions of a person

or persons for whose acts or omissions Defendant BOR was not and is not liable, the Plaintiff is

not entitled to recover from Defendant BOR.

## FOURTEENTH DEFENSE

Plaintiff's requested punitive damages relief, if any, should be dismissed to the extent it is

sought in conjunction with the state tort claims because such recovery is not permitted pursuant

to O.C.G.A. § 50-21-30.

## FIFTEENTH DEFENSE

This action is barred in whole or in part by the doctrines of sovereign and official

immunity.

## SIXTEENTH DEFENSE

Subject matter jurisdiction is lacking to the extent this action is barred by sovereign

and/or official immunity.

## SEVENTEENTH DEFENSE

Plaintiff's alleged damages were not proximately caused by any act or omission on the part of these Defendants, with the result being that Plaintiff is not entitled to recover against these Defendants in this case.

## EIGHTEENTH DEFENSE

The liability of the State of Georgia, if any, must be reduced by the pro rata comparative fault of others, including all parties and designated nonparties at fault.

## NINETEENTH DEFENSE

Plaintiff's tort claims fail, in whole or in part, due to the doctrines of comparative negligence or contributory negligence.

## TWENTIETH DEFENSE

Plaintiff's tort claims should be dismissed due to failure of process, improper service of process, insufficiency of service of process, and failure to comply with O.C.G.A. § 50-21-35. Specifically, Plaintiff has failed to cause process to be served on the chief executive officer of BOR, Chancellor Sonny Perdue and the Director of the Risk Management Division ("RMD") of the Department of Administrative Services ("DOAS"), at their usual office addresses.

## TWENTY-FIRST DEFENSE

No contract exists between Plaintiff and Defendants.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by a lack of contractual privity.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of consideration.

## TWENTY-FOURTH DEFENSE

Plaintiff's claim for declaratory relief is barred, in whole or in part, for Plaintiff's failure to follow proper procedure seeking declaratory relief against the State of Georgia.

## TWENTY-FIFTH DEFENSE

Defendants reserve the right to raise any other defenses allowed by law at such time as Plaintiff's claims or contentions are more particularly identified in this case.  Subject to and without waiving any of the foregoing defenses, Defendants respond to the individually numbered paragraphs of the Complaint as follows:

1.    Admit on information and belief.

2.    Admit.

3.    Admit.

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the allegations are denied.

5.    Defendants admit that Terri Miller was the Chair of the respiratory therapy program at MGA during the relevant time period, and deny the remaining allegations in this paragraph.

6.    Defendants admit that Jasmine Brown was Plaintiff's professor of the clinical externship (RESP 4125) at MGA during the relevant time period, and deny the remaining allegations in this paragraph.

7.    Defendants admit that Shanoya Cordew was the Student Conduct Coordinator at MGA during the relevant time period, and deny the remaining allegations in this paragraph.

8.    Defendants admit that Marina Spears, Victor Hall, and Morgan Middlebrooks were hearing panel members for Plaintiff's disciplinary tribunal hearing at MGA, and deny the remaining allegations in this paragraph.

9.      Defendants admit that during the relevant time period Christopher Blake was the President of MGA, deny that Blake denied relief to Plaintiff sought in an appeal, and deny the remaining allegations in this paragraph.

10.     Defendants admit that Christopher McGraw has been the Vice Chancellor of Legal Affairs since January 1, 2022, deny that his middle initial is "H," deny that he personally denied relief that Plaintiff sought in an appeal, and deny the remaining allegations in this paragraph.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the allegations are denied.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the allegations are denied.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the allegations are denied.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the allegations are denied.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the allegations are denied.

16.     Defendants deny the allegations contained in paragraph 16 of the Complaint.  In further response, Defendants show that subject matter jurisdiction is lacking with respect to Plaintiff's tort claims as there has been no waiver of sovereign immunity, personal jurisdiction is lacking with respect to the Plaintiff's tort claims against Defendant BOR as Plaintiff has not caused process to be served in strict compliance with O.C.G.A. § 50-21-35, and venue as to

Plaintiff's tort claims is improper in Fulton County Superior Court pursuant to O.C.G.A. § 50-21-28.

17.     Defendants admit the allegations contained in paragraph 17 of the Complaint.

18.     Admit on information and belief.

19.     Defendants deny the allegation of agency, admit that Alexis Pope communicated to Defendant Miller about Plaintiff, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the remaining allegations are denied.

20.     Defendants admit that Alexis Pope communicated to Defendants Miller and Brown about Plaintiff and inappropriate statements. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the remaining allegations are denied.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the allegations are denied.

22.     Deny.

23.     Deny.

24.     Deny.

25.     Defendants admit that Dr. Michael Stewart communicated with Plaintiff, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the remaining allegations are denied.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the allegations are denied.

27.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the allegations are denied.

28.    Deny.

29.    Deny.

30.    Deny.

31.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the allegations are denied.

32.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the allegations are denied.

33.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the allegations are denied.

34.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the allegations are denied.

35.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the allegations are denied.

36.    Defendants deny the allegations as to Defendants BOR, Miller, and Brown, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the remaining allegations are denied.

37.    Defendants deny the allegations as to Defendants BOR, Miller, and Brown, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the remaining allegations are denied.

38.     Defendants deny the allegations as to Defendants Miller and Brown, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the remaining allegations are denied.

39.     Defendants deny the allegations as to Defendants Miller and Brown, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the remaining allegations are denied.

40.     Defendants deny the allegations as to Defendants BOR, Miller, Brown, Cordew, Spears, Hall, Middlebrooks, Blake, and McGraw, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the remaining allegations are denied.

41.     Defendants deny the allegations as to Defendants Miller and Brown, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the remaining allegations are denied.

42.     Deny.

43.     Deny.

44.     Deny.

45.     Deny.

46.     Defendants admit that Defendant Cordew emailed Plaintiff a letter regarding alleged violations of the MGA Student Code of Conduct, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the remaining allegations are denied.

47.     Defendants admit that Defendant Cordew emailed Plaintiff a letter which attached several documents that Plaintiff requested from Defendant Cordew, and are without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the remaining allegations are denied.

48.     Defendants admit that Defendant Cordew emailed Plaintiff a letter, deny that the letter re-alleged violations of the Student Code of Conduct, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the remaining allegations are denied.

49.     Deny.

50.     Admit.

51.     Admit.

52.     Deny.

53.     Deny.

54.     Defendants admit that Defendant Cordew did not ask questions on behalf of Plaintiff to the complainants. Defendants deny any remaining allegations in this paragraph.

55.     Deny.

56.     Defendants admit that the hearing panel consisting of Defendants Spears, Hall, and Middlebrooks determined that Plaintiff was responsible for one of the charges against him. Defendants deny any remaining allegations in this paragraph.

57.     Admit.

58.     Defendants admit that Defendant Cordew emailed Plaintiff the decision of the panel from the hearing, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the remaining allegations are denied.

59.     Defendants admit that the hearing panel determined that Plaintiff was responsible for one of the charges against him and that Plaintiff would receive a grade of "F" in RESP 4125. Defendants deny any remaining allegations in this paragraph.

60.     Defendants admit that Defendant Cordew emailed Plaintiff correcting a typo in the number of the class, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the remaining allegations are denied.

61.     Defendants admit that Plaintiff appealed the decision of the panel on June 21, 2022. Defendants deny that the appeal was timely. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the remaining allegations are denied.

62.     Deny.

63.     Admit.

64.     Admit.

65.     Admit.

66.     Deny.

67.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

68.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

69.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

70.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

71.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

72.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

73.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

74.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

75.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

76.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

77.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

78.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

79.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

80.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

81.     Deny.

82.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

83.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

84.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

85.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

86.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

87.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

88.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

89.     Deny.

90.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

91.     Defendants state that this paragraph refers to a written document that speaks for itself, and deny any allegation in this paragraph that is inconsistent with the document.

92.     Deny.

**Count 1: Breach of Contract (Against Defendant USG)**

93.     Deny.

94.     Deny.

95.    Deny.

96.    Deny.

**Count 2: 42 U.S.C. 1983 (Due Process) (Against Defendants Miller, Brown, Cordew, Blake, McGraw, Spears, Hall, and Middlebrooks)**

97.    Defendants admit that the Georgia Constitution provides that "[n]o person shall be deprived of life, liberty, or property except by due process of law" and the Fourteenth Amendment provides that "nor shall any State deprive any person of life, liberty, or property, without due process of law." Defendants deny any remaining allegations in this paragraph.

98.    Admit.

99.    Defendants admit that Plaintiff had an interest and due process rights in relation to his education and academic status, and deny any remaining allegation in this paragraph.

100.    Defendants admit that Plaintiff had an interest and due process rights in relation to his education and academic status, and deny any remaining allegation in this paragraph.

101.    Defendants admit that Plaintiff had an interest and due process rights in relation to his education and academic status, and deny any remaining allegation in this paragraph.

102.    Deny.

103.    Deny.

104.    Deny.

105.    Deny.

106.    Deny.

**Count 3: Rehabilitation Act (Against Defendants USG, Miller, Brown, Cordew, Spears, Hall, Middlebrooks, Blake, McGraw, Houston Healthcare, And Houston Hospitals)**

107.    Admit.

108.    Deny.

109.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the allegations are denied.

110.     Defendants deny the allegations as to Defendants BOR, Christopher McGraw, Christopher Blake, Teri Miller, Jasmine Brown, Shanoya Cordew, Marina Spears, Victor Hall, and Morgan Middlebrooks, and are without knowledge or information sufficient to form a belief as to the truth of the allegations against the remaining Defendants, and so the allegations as to the remaining Defendants are denied.

111.     Defendants deny the allegations as to Defendants BOR, Christopher McGraw, Christopher Blake, Teri Miller, Jasmine Brown, Shanoya Cordew, Marina Spears, Victor Hall, and Morgan Middlebrooks, and are without knowledge or information sufficient to form a belief as to the truth of the allegations against the remaining Defendants, and so the allegations as to the remaining Defendants are denied.

112.     Defendants deny the allegations as to Defendants BOR, Christopher McGraw, Christopher Blake, Teri Miller, Jasmine Brown, Shanoya Cordew, Marina Spears, Victor Hall, and Morgan Middlebrooks, and are without knowledge or information sufficient to form a belief as to the truth of the allegations against the remaining Defendants, and so the allegations as to the remaining Defendants are denied.

113.     Defendants deny the allegations as to Defendants BOR, Christopher McGraw, Christopher Blake, Teri Miller, Jasmine Brown, Shanoya Cordew, Marina Spears, Victor Hall, and Morgan Middlebrooks, and are without knowledge or information sufficient to form a belief as to the truth of the allegations against the remaining Defendants, and so the allegations as to the remaining Defendants are denied.

114.     Deny.

115.    Deny.  In further response, Defendants show that Plaintiff cannot recover declaratory or injunctive relief for Plaintiff's tort claims, which are governed by the Georgia Tort Claims Act, O.C.G.A. § 50-21-20, et seq.

**Count 4: Americans with Disabilities Act (Against Defendants USG, Miller, Brown, Cordew, Spears, Hall, Middlebrooks, Blake, McGraw, Houston Healthcare, and Houston Hospitals)**

116.    Admit.

117.    Deny.  In further response, Defendants show that Defendants Miller, Brown, Cordew, Spears, Hall, Middlebrooks, Blake, and McGraw were acting within the scope of their official duties and employment with BOR at all relevant times, but Defendants are immune from suit with regard to Plaintiff's tort claim pursuant to O.C.G.A. § 50-21-25.

118.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the allegations are denied.

119.    Defendants deny the allegations as to Defendants BOR, Christopher McGraw, Christopher Blake, Teri Miller, Jasmine Brown, Shanoya Cordew, Marina Spears, Victor Hall, and Morgan Middlebrooks, and are without knowledge or information sufficient to form a belief as to the truth of the allegations against the remaining Defendants, and so the allegations as to the remaining Defendants are denied.

*[The numbering of the paragraphs in Plaintiff's Complaint starts again at paragraph 110 instead of continuing to a paragraph 120.]*

[Second] 110.  Defendants deny the allegations as to Defendants BOR, Christopher McGraw, Christopher Blake, Teri Miller, Jasmine Brown, Shanoya Cordew, Marina Spears, Victor Hall, and Morgan Middlebrooks, and are without knowledge or information sufficient to form a belief as to the truth of the allegations against the remaining Defendants, and so the allegations as to the remaining Defendants are denied.

- 16 -

[Second] 111.  Defendants deny the allegations as to Defendants BOR, Christopher McGraw, Christopher Blake, Teri Miller, Jasmine Brown, Shanoya Cordew, Marina Spears, Victor Hall, and Morgan Middlebrooks, and are without knowledge or information sufficient to form a belief as to the truth of the allegations against the remaining Defendants, and so the allegations as to the remaining Defendants are denied.

[Second] 112.  Defendants deny the allegations as to Defendants BOR, Christopher McGraw, Christopher Blake, Teri Miller, Jasmine Brown, Shanoya Cordew, Marina Spears, Victor Hall, and Morgan Middlebrooks, and are without knowledge or information sufficient to form a belief as to the truth of the allegations against the remaining Defendants, and so the allegations as to the remaining Defendants are denied.

[Second] 113.  Defendants deny the allegations as to Defendants BOR, Christopher McGraw, Christopher Blake, Teri Miller, Jasmine Brown, Shanoya Cordew, Marina Spears, Victor Hall, and Morgan Middlebrooks, and are without knowledge or information sufficient to form a belief as to the truth of the allegations against the remaining Defendants, and so the allegations as to the remaining Defendants are denied.

[Second] 114.  Deny.

**Count 5: Tortious Interference with Contractual Relations (Against Defendants Morales, Wann, Salley, Rogers, and Byrne)**

[Second] 115.  Deny.

[Second] 116.  Deny.

[Second] 117.  Deny.

[Second] 118.  Deny.

[Second] 119.  Deny.

**Consequential, Special, and Emotional Damages**

120. Deny.

121. Deny.

**Punitive Damages**

122. Deny.  In further response, Defendants show that Plaintiff cannot recover punitive damages with respect to his tort claims pursuant to O.C.G.A. § 50-21-30.

123. Deny.  In further response, Defendants show that Plaintiff cannot recover punitive damages with respect to his tort claims pursuant to O.C.G.A. § 50-21-30.

**Attorney's Fees & Costs of Litigation**

124. Deny.

125. Deny.

*[Plaintiff's numbering starts again at paragraph 123 and then skips to paragraph 126.]*

[Second] 123. Deny.

126. Deny.

**Declaratory, Injunctive & Equitable Relief**

127. Deny.

128. Defendants deny that Plaintiff is entitled to any relief in this action including any of the relief identified in this paragraph.

129. Defendants deny that Plaintiff is entitled to any relief in this action including any of the relief identified in this paragraph.

## **GENERAL DENIAL**

To the extent that any allegation of the Complaint has not been specifically admitted, denied, or otherwise controverted herein, including any allegation in the various pages or additional materials attached to the Complaint, Defendants deny the allegation.

WHEREFORE, having answered fully, Defendants request a jury trial on all issues so triable, that judgment be entered in their favor and against Plaintiff on all claims, that Plaintiff take nothing from Defendants and that Defendants be awarded and Plaintiff be assessed all costs of this action, and that the Court enter such other relief as it deems just and proper.

Respectfully submitted,

Christopher M. Carr          112505
Attorney General

Loretta L. Pinkston-Pope     580385
Deputy Attorney General

Roger A. Chalmers            118720
Senior Assistant Attorney General

s/ Jason H. Kang             759836
Jason H. Kang
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Jason H. Kang
State Law Department
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 458-3559
Fax: (404) 651-5304
Email: jkang@law.ga.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I electronically filed the foregoing pleading with the Clerk of Court using the Odyssey filing system which will automatically send email notification of such filing to all counsel of record.

I further certify that the document will be served on the following recipients by causing a copy thereof to be deposited in the United States Mail, postage prepaid, addressed as follows:

Holly Maestas
Lawson, Beck & Sandlin, LLC
1125 Commerce Drive, Suite 300
Peachtree City, Georgia 30269
Counsel for Plaintiff

This 26th day of May, 2023.

s/ Jason H. Kang
Jason H. Kang

## **VERIFICATION**

Comes now Christopher McGraw, individually and on behalf of the Board of Regents of the University System of Georgia, and verifies that the facts contained in Defendants' Answer and Defenses to Plaintiff's Complaint insofar as they pertain to these Defendants are true and correct to the best of his knowledge and belief.


Christopher McGraw
Vice Chancellor of Legal Affairs
Board of Regents of the University
System of Georgia


Sworn to and subscribed before me
this 24th day of May , 2023
_____
Notary Public
My Commission Expires:

JOSIAH HEIDT
NOTARY
EXPIRES
GEORGIA
October 03, 2025
PUBLIC
FULTON COUNTY

**VERIFICATION**

Comes now Christopher Blake, and verifies that the facts contained in Defendants'

Answer and Defenses to Plaintiff's Complaint insofar as they pertain to this Defendant are true

and correct to the best of his knowledge and belief.

Christopher Blake, President
Middle Georgia State University

Sworn to and subscribed before me
this 25 day of May_____, 2023.

Notary Public
My Commission Expires: 05/17/25

**VERIFICATION**

Comes now Teri Miller, and verifies that the facts contained in Defendants' Answer and Defenses to Plaintiff's Complaint insofar as they pertain to this Defendant are true and correct to the best of her knowledge and belief.

_____
Teri Miller

Sworn to and subscribed before me
this 25th day of May , 2023.

_____
Notary Public
My Commission Expires:

## VERIFICATION

Comes now Jasmine Brown, and verifies that the facts contained in Defendants' Answer and Defenses to Plaintiff's Complaint insofar as they pertain to this Defendant are true and correct to the best of her knowledge and belief.

_____
Jasmine Brown

Sworn to and subscribed before me
this **25** day of **May**_____, 2023.

_Carey Chambliss Wimberly_
Notary Public
My Commission Expires: **05|17|2025**

## VERIFICATION

Comes now Shanoya Cordew, and verifies that the facts contained in Defendants'

Answer and Defenses to Plaintiff's Complaint insofar as they pertain to this Defendant are true

and correct to the best of her knowledge and belief.

Shanoya Cordew

Sworn to and subscribed before me
this 24 day of May , 2023.

Notary Public
My Commission Expires:

## <u>VERIFICATION</u>

Comes now Marina Spears, and verifies that the facts contained in Defendants' Answer and Defenses to Plaintiff's Complaint insofar as they pertain to this Defendant are true and correct to the best of her knowledge and belief.

_Marina Spears_
Marina Spears

Sworn to and subscribed before me
this **25** day of **May**____, 2023.

_Carey Chambliss Wimberly_
Notary Public
My Commission Expires: **05/17/25**



### **VERIFICATION**

Comes now Victor Hall, and verifies that the facts contained in Defendants' Answer and Defenses to Plaintiff's Complaint insofar as they pertain to this Defendant are true and correct to the best of his knowledge and belief.

Victor Hall
Victor Hall

Sworn to and subscribed before me this 25th day of May, 2023.

Notary Public
My Commission Expires:

THOMAS W. FOX
NOTARY
PUBLIC
AT
LARGE
ROBERTSON COUNTY, TN

## VERIFICATION

Comes now Morgan Middlebrooks, and verifies that the facts contained in Defendants'

Answer and Defenses to Plaintiff's Complaint insofar as they pertain to this Defendant are true

and correct to the best of her knowledge and belief.

Morgan Middlebrooks

Sworn to and subscribed before me
this 25 day of MAY, 2023.

Notary Public
My Commission Expires: 08/13/24