IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHANNON WALLER JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-232 (MTT) |
| | ) |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Shannon Waller Jr. filed this action after being "removed" from the respiratory therapy program at Middle Georgia State University ("MGSU"), a unit of the University System of Georgia.  Docs. 1; 37 ¶ 54.  Waller amended his complaint as of right, and the Board of Regents of the University System of Georgia (the "Board"), various Board employees, and a MGSU student then moved to dismiss Waller's claims against them.  Docs. 10; 18.  In response, Waller moved for leave "to amend his *Amended Complaint* with the new evidence and information contained in [Waller]'s Response to Defendant USG's Motion to Dismiss (Doc. #18)."  Doc. 27 at 4 (emphasis in original).  That "new evidence" included an audio recording of Waller's disciplinary hearing which he had attached to and relied upon in his response to the defendants' first motion to dismiss.  *See* Docs. 26; 26-6.  The Court granted Waller leave to amend.  Doc. 35.  Although Waller's second amended complaint references discussion at the hearing, he did not expressly incorporate the audio recording as he did in his response

-2-

to the defendants' first motion to dismiss.  *See* Doc. 37.  The Board and the individuals associated with the Board then moved for the second time to dismiss Waller's claims against them.  Doc. 40.  In his response, Waller again relies on the recording over the defendants' objection.  Docs. 44; 45.  Given that the Court granted Waller's request for leave to include the recording in his amended complaint and Waller's reliance on the recording in response to both motions to dismiss, the Court deems that the recording is incorporated into the second amended complaint.  Accordingly, the defendants' objection to consideration of the audio recording is overruled.  *See Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (rejecting argument that the district court was barred from considering extrinsic document on motion to dismiss because it was not mentioned in, nor attached to, the complaint).[1]

**SO ORDERED**, this 24th day of January, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] "[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc.*, 433 F.3d at 1340 n.3. Evidence is undisputed if its authenticity is unchallenged. *Baker v. City of Madison, Ala.*, 67 F.4th 1268, 1276 (11th Cir. 2023) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).  The defendants do not contest the authenticity of Waller's recording.  The hearing is also central to Waller's claims and referenced throughout the second amended complaint.  *See also* Fed. R. Civ. P. 106.