IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHANNON WALLER JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:23-cv-232 (MTT) |
| ) | |
| BOARD OF REGENTS OF THE ) | |
| UNIVERSITY SYSTEM OF ) | |
| GEORGIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Defendants Board of Regents of the University System of Georgia ("BOR"), Christopher McGraw, Christopher Blake, Teri Miller, Jasmine Brown, Shanoya Cordew, Marina Spears, Victor Hall, and Morgan Middlebrooks move for entry of final judgment under Federal Rule of Civil Procedure 54(b) to certify the Court's March 26, 2024, Order (Doc. 60) as a final judgment. Doc. 62. That order granted the moving defendants' motion to dismiss all claims against them but did not dispose of all claims against all parties currently involved in this action. Doc. 60. Rule 54(b) permits a district court to direct entry of a final judgment as to one or more but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay. *See* Fed. R. Civ. P. 54(b). For the following reasons, the Court does *not* find that there is no just reason for delay and therefore **DENIES** the above defendants' motion for entry of final judgment under Rule 54(b).

Judicial economy and fairness to the parties do not support an immediate appeal. Given the factual similarities between the remaining and dismissed claims—e.g., remaining tortious interference claims and the dismissed breach of contract claim against the Board and disability discrimination claims—the Court cannot say that the claims resolved by its March 26 Order do not involve the same set of operative facts as those claims remaining in this litigation. Consequently, entry of a final judgment at this stage could result in piecemeal litigation, potentially leading to inconsistent rulings on interconnected issues and increase the burden on already scarce appellate resources. Based on the intertwined nature of the claims and the potential for judicial inefficiency, the Court finds that there are good reasons to await the final resolution of the remaining claims before permitting an appeal.

Thus, having considered the motion, the submissions of the parties, and the relevant law, the Court finds that certification under Rule 54(b) is neither permitted nor appropriate. *See Peden v. Stephens*, 50 F.4th 972, 977-79 (11th Cir. 2022). Accordingly, the defendants' Rule 54(b) Motion for Entry of Final Judgment (Doc. 62) is hereby **DENIED**.

**SO ORDERED**, this 26th day of April, 2024.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT