**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **SHANNON WALLER JR.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:23-cv-232 (MTT)** |
| | ) | |
| **BOARD OF REGENTS OF THE** | ) | |
| **UNIVERSITY SYSTEM OF** | ) | |
| **GEORGIA**, *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

<u>**ORDER**</u>

No later than **July 31, 2024**, Plaintiff Shannon Waller, Jr. is **ORDERED** to amend paragraph 166 of his second amended complaint (Doc. 37) to state the specific Title of the ADA under which he is suing Houston Healthcare System, Inc. and Houston Hospitals, Inc.  Waller shall amend the addendum clause of his second amended complaint to state specifically the relief he seeks for each cause of action he asserts. *See*, *in this regard*, *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019) ("[A] § 504 violation [typically] entitles a plaintiff only to injunctive relief … To get damages … a plaintiff must clear an additional hurdle: he must prove that the entity that he has sued engaged in intentional discrimination, which requires a showing of 'deliberate indifference.'"); *Houston v. Marod Supermarkets, Inc*., 733 F.3d 1323, 1329 (11th Cir. 2013) ("[I]njunctive relief … is the only form of relief available to plaintiffs suing under Title III of the ADA.").  Any further amendment shall require leave of court.

**SO ORDERED**, this 24th day of July, 2024.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT