IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHANNON WALLER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-232 (MTT) |
| | ) |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Shannon Waller, Jr. claims he was improperly "removed" from the respiratory therapy program at Middle Georgia State University ("MGSU") and his clinical externship at Houston Healthcare System, Inc. and Houston Hospitals, Inc.[1] Doc. 37 ¶¶ 1, 54.  On March 26, 2024, the Court dismissed without prejudice Waller's claims against the defendants associated with MGSU.  Doc. 60.  Meanwhile, Waller and the remaining defendants, all of whom are associated with Houston Healthcare, commenced discovery.  Waller asserts disability discrimination claims against Houston Healthcare and Houston Hospitals under the Rehabilitation Act ("RA") and Americans with Disabilities Act ("ADA").  Doc. 37 ¶¶ 145-181.  Waller also asserts claims for tortious interference with contract against Tony Wann, Nanyamka Salley, Cynthia Rogers, Patricia Burns, and Rodrigo Morales, M.D.  *Id.* ¶¶ 182-186.  Now, in the middle

---

[1] Except when necessary to distinguish between the two, both defendants are hereafter referred to as "Houston Healthcare."

of discovery, the Houston Healthcare defendants move for judgment on the pleadings. Docs. 66; 65; *see* Fed. R. Civ. P. 12(c). For the following reasons, the defendants' motions (Docs. 65; 66) are **DENIED**.

The Court will not recite Waller's allegations in detail. For a full recitation of the facts see the Court's prior order of dismissal. Doc. 60.

## I. DISCUSSION

**Waller's RA and ADA claims.** As a threshold matter, Houston Healthcare notes that the only reference to a specific Title of the ADA in Waller's second amended complaint is Title II, which prohibits disability discrimination by public entities.[2] Doc. 37 ¶ 165; *see also* 42 U.S.C. § 12132. Because Houston Healthcare and Houston Hospital are not public entities, they argue Waller cannot sustain his claims under Title II. Doc. 65 at 5-6. In his response, Waller does not identify what Title he is proceeding under, but he argues that private hospitals which offer public accommodations are subject to the ADA. Doc. 67 at 4. This suggests the basis for Waller's claims is Title III, because Title III applies to public accommodations. 42 U.S.C. § 12182(a). Waller's second amended complaint also suggests he is proceeding under Title III.[3] *See* Doc 37 ¶¶ 6, 166. "If Title III … is indeed Waller's statutory basis for his ADA claim," Houston Healthcare argues "he has effectively left himself without a remedy" because Title III only provides injunctive relief. Doc. 73 at 4 n.2. Because Waller is no longer a student

---

[2] "Public entity" under Title II is defined as "any State or local government; ... any department, agency, special purpose district, or other instrumentality of the State or States or local government." *See* 42 U.S.C. §§ 12131(1)(A)-(C). Waller specifically alleges that both Houston Healthcare and Houston Hospitals are "private hospitals." Doc 37 ¶ 6.

[3] Waller alleges that Houston Healthcare and Houston Hospitals "are private hospitals offering public accommodations and are prohibited from disability discrimination under the Americans with Disabilities Act." Doc. 37 ¶ 166. Additionally, the only reference to Title II in the second amended complaint concerns sovereign immunity. *Id.* ¶ 165.

at MGSU, the defendants question whether injunctive relief is available from Houston Healthcare.  *Id.*  But Houston Healthcare has not moved for judgment on this basis.  *Id.* at 3-4.  Still, the question needs an answer, and the Court has ordered Waller to specify the specific Title of the ADA he is proceeding under and the relief he requests.  Doc. 76.

Otherwise, according to Houston Healthcare, the only factual basis for Waller's RA and ADA claims are allegations that Houston Healthcare employees perceived that he was unable to perform "*for unspecified reasons* [and] … [t]he complaints eventually led to Waller's removal from the clinical externship program."  Doc. 65 at 3 (emphasis added).  Houston Healthcare borrows this argument from the Court's order analyzing Waller's allegations of disability discrimination against MGSU.  Doc. 60 at 25-26; *see also* Docs. 65 at 6-7; 73 at 3-5.  In response, Waller attacks the Court's order.  Doc. 67.  Thus, the parties fail to address Waller's allegations against Houston Healthcare, which differ from his allegations against MGSU.  For example, Waller alleges Morales, Wann, and Salley "perceived that [he] was unsatisfactory in his performance at [Houston Healthcare] … due to their opinions related to [his]" alleged disability, and these complaints then led to his removal as a clinical extern.  Doc. 37 ¶¶ 47-49, 54.  On the other hand, as noted in the Court's order dismissing MGSU, Waller's second amended complaint never identified any thoughts, perceptions, or feelings, much less actions, related to his alleged disabilities and attributable to MGSU.  Doc. 60 at 8-9, 25-26.  But in paragraphs 47 through 49, he does allege negative perceptions, communications, and opinions related to his alleged disabilities on the part of Houston Healthcare.  Doc. 37 ¶¶ 47-49.  Because Houston Healthcare fails to address Waller's relevant

allegations, the motion for judgment on Waller's RA and ADA claims (Doc. 65) is **DENIED**.

**Waller's tortious interference claims.** Waller alleges Wann, Salley, Rogers, Burns, and Morales tortiously interfered with a contract between him and MGSU. Doc. 37 ¶¶ 182-186. In their motions, the individual Houston Healthcare defendants take the same approach Houston Healthcare did on Waller's disability claims—they simply reference the Court's order dismissing the MGSU defendants. See Docs. 65 at 7-8; 66 at 5-6. They argue that they are entitled to judgment solely because the Court ruled no contract existed between Waller and MGSU when it dismissed his breach of contract claim. Docs. 65 at 7-8; 66 at 5-6; 73 at 1-2. But as Waller points out, the Court dismissed his breach of contract claim against MGSU on jurisdictional grounds.[4] Docs. 60 at 14-16; 67 at 2; 69 at 1. The defendants do not respond to this argument. See Doc. 73 at 2. Accordingly, the individual Houston Healthcare defendants' motions for judgment on Waller's tortious interference claims (Docs. 65; 66) are **DENIED**.

## II. CONCLUSION

For the foregoing reasons, the defendants are not entitled to judgment under Federal Rule of Civil Procedure 12(c). Accordingly, the defendants' motions for judgment on the pleadings (Docs. 65; 66) are **DENIED**.

**SO ORDERED**, this 26th day of July, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] The Court dismissed Waller's breach of contract claim because the second amended complaint failed to allege a written contract sufficient to waive sovereign immunity. Docs. 60 at 14-16. There was no ruling that Waller had not sufficiently alleged the existence of a contract.